THURMAN v. KIRKLAND.　　(No. 7195.)*

(Court of Civil Appeals of Texas. San Antonio. March 12, 1924. Rehearing Denied April 9, 1924.)

**1. Injunction ⬅─1—Granted only where necessity therefor is clearly shown.**

The power to grant injunctions is an extraordinary one, which should be used sparingly, with the utmost caution, and only where the necessity therefor is clearly and certainly shown.

**2. Injunction ⬅─143(2) — When injunction granted without notice stated.**

The power to grant injunctions should be exercised without notice to the persons sought to be restrained only when the necessity is

pressing, the threatened injury immediately imminent, and, if occurring, irreparable.

**3. Injunction ⬅─143(2)—Allegations held to warrant temporary injunction without notice to defendant turning sheep into plaintiff's sheep pasture.**

In an action to enjoin defendant from pasturing sheep on pasture constituting part of plaintiff's sheep ranch, allegations that plaintiff was pasturing 8,000 head of sheep on the pasture, that the pasture was fully stocked, and would be prematurely exhausted if additional sheep were pastured thereon, that sheep which defendant threatened to turn into the pasture were infected with a contagious and infectious disease, and that plaintiff's sheep were in good condition and free from disease, but would become infected if defendant was not restrained from turning his sheep into the pasture, held to warrant granting of temporary injunction without notice to defendant.

**4. Evidence ⬅─13—Court judicially knows dependency of pasturage on rainfall.**

The court judicially knows that ranges for the pasturage of live stock in southwest Texas are dependent not so much on man's industry or intelligence as upon rainfall.

**5. Appeal and error ⬅─479(1) — Suspension pending appeal of operation of temporary injunction against alleged threatened irreparable injury held error.**

In action to enjoin defendant from turning his sheep into pasture constituting a part of plaintiff's sheep ranch in which the plaintiff's allegations that the pasture was stocked to its normal capacity with plaintiff's sheep, that defendant's sheep were infected with a contagious disease, and that if defendant was not restrained from turning his sheep into the pasture the pasture would be prematurely exhausted, and plaintiff's sheep would become infected with the disease, and the threatened injury was irreparable, warranted a temporary injunction against such injury, it was error, until the allegations were disproved on hearing, to suspend operation of the injunction pending appeal.

**6. Public lands ⬅─17—Owner of sheep held not entitled to turn them into already fully stocked pasture of another.**

The mere fact that owner of sheep had no pasture into which to turn his sheep other than a pasture already fully stocked with sheep of other person in rightful possession thereof did not give first owner the right to turn his sheep into such pasture.

Error from District Court, Edwards County; Joseph Jones, Judge.

Suit by E. M. Kirkland against John W. Thurman. From an order granting a temporary injunction, defendant appeals, and to review order suspending the operation of the temporary injunction, the plaintiff cross-assigns error. Order suspending injunction set aside, and judgment granting injunction affirmed.

---

⬅─For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction June 6, 1924.

T. A. Williams, of Rock Springs, James Cornell, of Brackettville, and Will A. Morriss, of San Antonio, for appellant.

L. Old, of Uvalde, and A. E. Aiken, of Rock Springs, for appellee.

SMITH, J. This appeal is from an interlocutory order granting a temporary injunction. After granting the injunction the court below, upon motion of the defendant in the proceeding, entered an order suspending the operation of the restraining order, pending appeal therefrom, on condition that the defendant file a proper bond in the amount of $16,000 to indemnify the plaintiff below for any damage he might sustain by reason of the commission of the acts prohibited in the restraining order, but permitted by the suspension thereof. This bond was filed. The defendant gave notice of appeal from the injunction order, but the transcript on appeal was procured and filed here by plaintiff below, who has cross-assigned error upon the granting of the suspension order.

It was alleged, in substance, by the plaintiff below that he was the owner and in possession of a certain sheep ranch in Edwards county, on which he was pasturing about 8,000 head of sheep, whereby the range was fully stocked, and that this range would be prematurely exhausted if additional sheep were pastured thereon; that the defendant was threatening to, and if not prevented by injunction would, turn into said pasture 2,500 head of sheep, which were infected with a contagious and infectious disease, and cause them to mingle with and communicate said disease to plaintiff's sheep, and said range would thereby become infected, and remain so for a long and indefinite period.

The petition also contained the formal allegations usual and necessary to such pleadings, and was appropriately verified. The injunction was granted upon the petition, without a hearing and without notice to the parties sought to be restrained. Subsequently the latter filed a motion praying for the suspension of the restraining order, and, without directly or by implication asserting any title to or right of possession in the ranch in controversy, denied that his sheep were infected as alleged by plaintiff, and alleged that he had no other place in which to pasture his sheep, which he admitted he intended placing in plaintiff's pasture. To this motion the defendant attached affidavits of several persons asserting their opinion, as a rule very generally and negatively expressed, that defendant's sheep were not infected as alleged. In response to this motion plaintiff below filed the affidavits of the official inspector of the State Live Stock Sanitary Commission, and of the deputy inspector of that county, positively asserting that the sheep in question were in fact infected as alleged. It was upon this motion and showing that the court below ordered the suspension of the injunction.

Appellant, the defendant below, bases his appeal from the injunction order upon the contention that the allegations in the petition for injunction were insufficient to warrant the granting of the writ, for the reasons that the plaintiff, although required by the law to so aver, had failed not only to affirmatively allege facts sufficient to show his right to the exclusive use of the premises in question, and negative the existence of any right of the defendant therein, but that he had also failed to "disclose such imminent and pressing necessity as prevents time for notice and hearing." It is further contended that the plaintiff failed to allege his facts with sufficient certainty and definiteness, but resorted to mere conclusions, and had failed to negative the availability of an adequate remedy at law.

We have very carefully examined the allegations in the petition for injunction, and, while they are somewhat confused and confusing, it nevertheless affirmatively appears therefrom that appellee, Kirkland, has a superior right over appellant, Thurman, to the possession of the pasture in controversy; that said ranch is stocked to its normal capacity with Kirkland's sheep, which are in good condition and free from disease; that Thurman was threatening to and if not immediately restrained would place 2,500 head of his own sheep in said pasture; that said sheep were in bad condition, and infected with a contagious and infectious disease, which would be communicated to the healthy sheep when the two herds mingled; that the placing of the Thurman sheep in the pasture would result in overstocking the same, and thus injure and prematurely exhaust the range therein.

[1-3] It is true, as this and other courts in this state have often held, that:

"The power reposed in the courts to grant injunctions is an extraordinary one, which should be used sparingly, with the utmost caution, and only where the necessity therefor is clearly and certainly shown. It should be exercised without notice to the persons sought to be restrained only when the necessity is pressing, and the threatened injury immediately imminent, and, if occurring, irreparable."

But we think the allegations we have pointed out make a case for injunctions, and for the issuance of the writ without notice, even under the quoted test. Those allegations show Kirkland's present possession with a superior right thereto, the threatened immediate invasion of that possession by placing diseased sheep in the already fully stocked pasture, and the inevitable depletion and impairment of the pasture and injury to the owner's sheep therein.

[4] And we think a sufficient showing was made, both for the purpose of negativing an adequate remedy at law, as well as the necessity for immediate restraint, without notice. The threatened danger was the destruction of a sheep range both by depletion and by infection. We judicially know that ranges for the pasturage of live stock in southwest Texas are dependent, not so much upon man's industry or intelligence, as upon the rainfall, which is controlled alone by Providence. It is the foundation of pasturage value, and any use or abuse which prematurely depletes it, such as overstocking the pastures, often produces results far-reaching and irreparable. The capacity of a stock pasture, even as other means of sustenance, is susceptible of almost precise ascertainment, so that the natural supply thereof may be utilized without injury to the source; if this capacity is strained, or overstocked, as here alleged, the normal source as well as supply is depleted, and exhaustion of both result. The evils of disease may be even worse, and once a pasture is infested with deadly disease eradication of the disease is to the stockman a profound and vexatious problem, sometimes requiring years of effort and much expense to effect it. These matters are perhaps so well known as to attract common knowledge, and, although they were not alleged in searching detail, we think they were sufficiently alleged. They clearly present a case where the "necessity is pressing, and the treatened injury immediately imminent, and, if occurring, irreparable."

[5, 6] Necessarily, it was upon these grounds the court below granted the writ, and granted it without notice, and we think upon the very same grounds the court should have denied appellant's motion for a suspension of the restraining order. If the threatened injury was irreparable, as alleged, then we do not think it should have been permitted under any conditions until the allegations were disproven upon a proper hearing. And particularly should the motion to suspend have been overruled in the total absence of allegations or any sort of showing that appellant had any right or color of right to the possession, or that appellee did not have that right. The mere fact that appellant had no other pasture in which to turn his sheep, which is the only ground set up in his motion, certainly did not give him the right to turn them into the already fully stocked pasture of another in rightful possession.

The order suspending the injunction will be set aside, and the judgment granting the injunction affirmed.