## HOPKINS et al. v. FRENCHY et al.
### No. 9606.

Court of Civil Appeals of Texas. San Antonio.

Oct. 10, 1934.

W. C. Davis, of San Antonio, for appellants.

Russell B. Wine, of San Antonio, for appellees.

SMITH, Justice.

This appeal is from an order granting an injunction restraining the police force of the city of San Antonio from "unlawfully" interfering with appellees in the "lawful" operation of a restaurant and soft drink business, known as "Bismark Gardens," at 1209 Broadway, in the city of San Antonio.

It was alleged in the bill for injunction, upon which the writ was granted without a hearing, that appellees had leased the premises in question for a period of years, had placed valuable improvements thereon, and had so conducted said business, in a lawful manner, as to "acquire a clientele and customers * * * of great value to" appellees. It was further alleged:

"That although she has at all times conducted an orderly place of business as foresaid, she has been continually annoyed and harassed by defendants, who without cause

or legal justification, accuse plaintiff of disturbing the peace, and summarily closed her said place of business without authority of any kind from any source whatsoever therefor, and advised plaintiff that if she did not close her said place of business and remain closed that every time said officers found the doors to said place of business open that she and her employed help would be taken to the police station.

"That said threats, so made by defendants in plaintiff's place of business, in her presence and in the presence of her patrons, were calculated to, and did impair her valuable property rights, and her right to peaceful possession and occupancy of the premises under said lease, and would thereby frighten and embarrass her patrons causing them to leave said premises, plaintiff thereby losing their patronage.

"That defendants' past actions and their threatened future actions are of such a nature as to hazard plaintiff and her rights in her established business and property, unless such acts are by your honor restrained.

"Wherefore, plaintiff prays that a temporary restraining order issue, restraining said defendants and each of them from unlawfully annoying, harassing or interfering with plaintiff in the lawful conduct of her business at Number 1209 Broadway, San Antonio, Texas, and upon a final hearing hereof defendants be permanently enjoined, and that said temporary injunction be made permanent, that she have judgment for her costs, and for such other and further relief, general and special, either in law or equity that she may be justly entitled to."

In response to the quoted pleading and prayer, the trial judge, without notice or hearing, entered the following order: "The foregoing petition for injunction being considered, it is ordered that the clerk of the District Court of Bexar County, Texas, issue a writ of injunction in all things as prayed for in the within petition, upon the petitioner executing to the adverse parties a bond, with two or more good and sufficient sureties in the sum of $100.00 conditioned as the law requires."

Upon that fiat the writ of injunction was issued and served upon appellants, commanding them to "desist and refrain from unlawfully annoying, harassing or interfering with plaintiff in the lawful conduct of her business at Number 1209 Broadway, San Antonio, Texas; until the further order of said District Court, to be holden within and for the County of Bexar, at the Court House thereof, in

the City of San Antonio, on the first Monday in October, A. D. 1934, the said (same) being the 1st day of October, 1934, when and where this writ is returnable."

The police officials upon whom the writ was served have appealed.

We are of the opinion that the petition is too vague, indefinite, uncertain, and general to warrant the issuance of the writ of injunction, in the absence of notice or hearing.

█ In such cases as this, the application for injunction, especially when it is ex parte, will be uniformly subjected to strict construction, and taken most strongly against the pleader. 24 Tex. Jur. p. 242, § 186, and authorities there cited.

██ The applicant must show by specific allegations that he is entitled to injunction according to the principles of equity, and that the relief to which he is entitled requires an injunction; must allege "a threat and immediate probability of injury remediable only by injunction." 24 Tex. Jur. "Injunctions," §§ 170, 186. And where the injunction is sought, or granted, without a hearing, as in this case, the petition "must state facts showing an immediate and pressing necessity for dispensing with previous notice and hearing." Id. § 166. The allegations of fact must be positive, direct, certain (Id. § 169); must clearly show probable irreparable injury (Id. § 171); must negative the existence of any legal remedy (Id. § 172), as well as of every hypothesis on which the acts enjoined might be lawful. Id. § 168.

█ The petition on which this injunction was granted meets none of the enumerated tests. The allegations of fact are neither positive, direct, or certain. The date of the commission of the principal acts complained of is not stated, or even approximated, wherefore it may be surmised that all of them occurred as far back as September, 1933, and, so far as the allegations negative the contrary, the threat of a repetition or continuation of the acts lies entirely in the "advice" of appellants that if appellee did not close her establishment "she and her employed help would be taken to the police station." Such allegations do not warrant the harsh remedy of injunction without a hearing.

█ The prayer for relief was too vague to support an injunction granted without notice. 24 Tex. Jur. "Injunctions," § 79. It did not plainly specify whether the immediate relief sought was a temporary restraining order, or temporary injunction, and the trial judge was without power to supply the omission

and grant a particular relief in the absence of a prayer therefor. Id.; Miller v. Stafford (Tex. Civ. App.) 46 S.W.(2d) 438; Barton v. Tharp (Tex. Civ. App.) 27 S.W.(2d) 885.

The order appealed from is meaningless and unenforceable, in that it simply prohibits appellants from "unlawfully" interfering with the "lawful" operation of appellees' business. It defines and specifies no acts to be restrained, but leaves the parties to speculation and conjecture to determine what is "unlawful interference," and what is a "lawful operation" of a roadhouse and garden.

The judgment is reversed, and the injunction dissolved, at the cost of appellees.