**TEXAS NAT. BANK OF BEAUMONT v. HAHN et ux.**

No. 2878.

Court of Civil Appeals of Texas. Beaumont.

May 23, 1935.

E. L. Nall and Geo. A. Weller, all of Beaumont, for appellants.

O. M. Lord, of Beaumont, for appellees.

**MORRISS–BUICK CO. v. HUSS.**

No. 11626.

Court of Civil Appeals of Texas. Dallas.

May 11, 1935.

Rehearing Denied June 8, 1935.

WALKER, Chief Justice.

This is an appeal from a chambers order granting appellees, E. H. Hahn and wife, Alma Hahn, a temporary injunction upon an ex parte hearing, restraining appellants, Texas National Bank and the sheriff of Jefferson county, from selling lot No. 10, block No. 40, of the North addition to the city of Beaumont. Omitting formal allegations and the prayer, appellees' petition was as follows:

"2. That on or about the first day of January, A. D., 1934, the defendant, Texas National Bank, entered upon the said premises and ejected these plaintiffs therefrom and are withholding the possession of the same from plaintiffs to their damages in the sum of Three Thousand Dollars ($3000.00).

"3. That the rental value on said property is the sum of Three Hundred Dollars ($300.00) per year.

"4. That the said defendants, through the said defendant, W. W. Richardson, Sheriff of Jefferson County, Texas, have advertised the said property hereinabove described and are attempting and threatening to sell the same on the 7th day of May, 1935, under a purported judgment and execution issued out of the 60th District Court of Jefferson County, Texas.

"5. That said sale would cast a cloud upon plaintiffs' title to their great damage and injury and that plaintiffs have no complete and adequate remedy at law and unless the said sale is enjoined by this Honorable Court, that the plaintiffs will suffer an irreparable loss and injury."

Appellants assign many errors against the temporary injunction. It is sufficient to say that the petition was fatally defective because no attack of any character whatever was made upon the judgment complained of.

It follows that the judgment appealed from should be reversed, and the injunction dissolved, and it is so ordered.