### INTERNATIONAL HARVESTER CO. v. FARMERS & MERCHANTS NAT. BANK OF DE LEON et al.

#### No. 1972.

Court of Civil Appeals of Texas. Eastland.

March 3, 1939.

Rehearing Denied April 7, 1939.

Bowyer, Gray, Thomas & Jaffe, of Dallas, for appellant.

Fred O. Jaye, of De Leon, for appellees.

LESLIE, Chief Justice.

This is an appeal by the International Harvester Company from an order of the District Court of Comanche County enjoining it from prosecuting a suit filed by it in the District Court of Dallas County against Clyde Bagley and I. E. Harris, a partnership (doing business under the firm name of Bagley & Harris), and Farmers & Merchants National Bank of DeLeon, Texas. The injunction was granted without notice to the Harvester Company.

The appellant has briefed the case but we find none by the appellees.

The litigation grows out of the following facts: On August 18, 1938, said bank filed cause No. 8333 in the District Court of Comanche County against Clyde Bagley on three notes signed by him only, and aggregating $2,414.55. The bank caused a writ of attachment to issue August 18, 1938, against Clyde Bagley and the sheriff levied the same upon 2 International Tractors, 1 International Truck, 2 farm wagons and accessories, and the leasehold interest on lots owned by Clyde Bagley in DeLeon.

On October 5, 1938, the bank filed a first amended original petition in the District Court of Comanche County and sued Bagley & Harris, a partnership, composed of Clyde Bagley and I. E. Harris. The same notes were sued on with the allegation that Clyde Bagley executed them for the benefit of the partnership. Judgment was asked against both Bagley and Harris, jointly and severally.

On October 10, 1938, the bank filed a second amended original petition in said cause. The suit was in all respects the same as evidenced by the first amended original petition, except that the International Harvester Company was made a party upon the allegation that it was claiming some interest in the subject matter of the suit, the implements, etc., without any valid claim thereto. That the same was in any event inferior to the bank's claim under its attachment lien.

On October 12, 1938, the Harvester Company filed suit in the District Court of Dallas County, Texas, against Clyde Bagley and I. E. Harris, a partnership, and also the Farmers & Merchants National Bank of DeLeon. The Harvester Company alleged that the Implement Company executed and delivered to it fifteen (15) promissory notes, aggregating $5,343.29, and had executed conditional sales contracts securing the payment of said notes, which contracts were filed for record with the County Clerk of Comanche County on the 26th day of April, 1938, and that under said contracts the Harvester Company had a lien on the property described in its petition consisting of farm implements, etc. (embracing those levied upon by the writ of attachment), and in its petition the Harvester Company alleged that the bank was asserting some right or interest in or to a part of said machinery, but such interest, if any, was subordinate or inferior to the lien of the Harvester Company.

The DeLeon bank was served with citation out of the Dallas County District Court, and on November 14, 1938, filed a plea of privilege in said court to have the suit transferred to Comanche County. The plea was controverted by the Harvester Company and at a hearing thereon it was overruled, December 2, 1938. The bank gave no notice of appeal from that ruling.

December 1, 1938, the bank filed in the Dallas County District Court a plea in abatement in said cause, setting up that a prior suit involving the same subject matter, etc., was pending in the District Court of Comanche County. This plea in abatement has not been acted upon.

January 4, 1939, the bank presented to the district judge of Comanche County application for injunction alleging the time of the filing of the two suits, that the parties and cause of action in the two suits were identical and that the bank had filed a plea in abatement in Dallas County and if compelled to pursue the plea in abatement would be put to long and costly litigation to determine the identical matters sought to be determined in the Comanche County suit, resulting in irreparable injury, etc. That "it will be compelled to transport witnesses 135 miles from the county of their residence and pay all ex-

692

penses, fees and other moneys necessary for a determination of the issues involved * * *."

As stated in the beginning, the District Judge of Comanche County, without notice to the Harvester Company, issued this temporary injunction enjoining the Harvester Company from proceeding in the Dallas District Court to a final determination of its suit. The Dallas County suit is on notes made payable to the Harvester Company in that county.

The appellant's first .contention is that the temporary injunction should not have been granted without notice, since the bank did not allege that there was a pressing necessity for the issuance of the same, and that injury was immediately imminent and irreparable if it occurred.

In this State, the practice of issuing temporary injunctions without notice has long been disapproved where a temporary restraining order would afford adequate protection until notice could be given and a hearing had. The granting of an injunction is the exercise of an extraordinary power and under sound rules of equity such power should be exercised with caution and only when the necessity for granting the relief is clearly shown. The courts uniformly hold that they will not exercise such power without notice to the parties to be restrained, except when the necessity therefor is pressing and the threatened injury imminent and irreparable if not prevented. In other words, to authorize an ex parte injunction without a hearing, the applicant must state all the essential elements entitling him to the relief sought and negative every reasonable inference that the petitioner might not, under other pertinent supposable facts, be entitled to such relief. San Angelo Nat. Bank v. Wright, Tex.Civ.App., 66 S.W.2d 804, error refused; International & G. N. Ry. Co. v. Anderson Co., Tex.Civ.App., 150 S.W. 239; Id. 106 Tex. 60, 156 S.W. 499; Thurman v. Kirkland, Tex.Civ.App., 260 S.W. 677; Texas Centennial Central Exposition v. Greenwood, Tex.Civ.App., 94 S.W.2d 813; Hopkins v. Frenchy, Tex. Civ.App., 75 S.W.2d 184; Nelson v. Thompson, Tex.Civ.App., 64 S.W.2d 373; Farb v. Theis, Tex.Civ.App., 250 S.W. 290; Plough v. Moore, Tex.Civ.App., 56 S.W.2d 681; Ricketts v. Ferguson, Tex. Civ.App., 64 S.W.2d 416; 24 Tex.Jur. p. 173, sec. 128, et seq.; p. 222, sec. 168, et seq.

Since no notice was given in the instant case and the allegations of the petition reflect the existence of no pressing circumstances rendering it imperative to grant the temporary injunction without notice and hearing, this court, in obedience to the above authorities, must reverse the judgment of the trial court and remand the cause for further proceedings, if any. It is so ordered.