**REFRIGERATION DISCOUNT CORPORA-
TION et al. v. MEADOR.**

No. 2035.

Court of Civil Appeals of Texas. Eastland.

Oct. 27, 1939.

Rehearing Denied Dec. 1, 1939.

H. C. Ray, of Fort Worth, for appellants.

Oxford & McMillan, of Stephenville, for appellee.

LESLIE, Chief Justice.

This is an appeal from an Ex Parte order of the District Court of Erath County, Texas, granting a temporary injunction without notice enjoining the execution of a judgment rendered by the County Court. at Law No. 2, Tarrant County, Texas.. The writ was made returnable to the District Court of Erath County.

The Refrigeration Discount Corporation recovered a judgment against the plaintiff in Cause No. 36028 in the County Court at Law No. 2 of Tarrant County, Texas. Thereafter an execution was issued on the same and placed in the hands of Carl W. Turnbow, Sheriff of Erath County. The object of this proceeding on the part of Meador is to restrain the judgment creditor and the sheriff from levying the execution upon property of plaintiff.

The theory of the plaintiff's cause of action is that the judgment of said County Court at Law is void in "that the amount involved in the suit in the County Court of Tarrant County was less than $200."

"The appellee attached to his petition a copy of the execution issued out of said court and which the sheriff was undertaking to levy, which execution shows that the original judgment claimed was $167." (Appellee's brief)

That is the gist of Meador's contention that the judgment is void. The parties will be referred to as they style themselves in their pleadings and briefs.

The appellee's first counter proposition is that "Where a suit filed in the County Court involves less than $200 the County Court is without jurisdiction and a judgment rendered in such suit is a nullity." This is the substance of other counter propositions.

The judge's authority to grant the temporary injunction is challenged on different grounds, but mainly because the relief was granted without notice and hearing and also upon a petition wholly insufficient in that it seeks to enjoin a judgment as void for want of jurisdictional amount in the County Court where rendered without alleging further that the amount sued for or the value of the property foreclosed on was also outside the jurisdiction of said County Court.

We sustain each of these contentions. In this character of proceeding the practice and principles of equity re-

quire notice and hearing when practicable, Arts. 4654, 4663, R.S.1925; 14 R.C.L. 324; but generally the granting of such writs ex parte' is disapproved. Southwestern Surety Ins. Co. v. Ferguson, 62 Tex.Civ. App. 332, 131 S.W. 662; 24 Tex. Jur. p. 172, sec. 127, et seq. No pressing necessity or impending irreparable injury or loss is alleged as a justification for granting the relief without notice and hearing. No such allegations of fact as contradistinguished from mere conclusions are alleged. In the respect under consideration the case is like that disposed of by this court in International Harvester Co. v. Farmers & M. Nat. Bank of De Leon, 126 S.W.2d 690. The authorities therein cited are in point here.

 A careful consideration of the allegations of the petition discloses that it fails in other material respects to state grounds for the relief sought. The averment of material and essential elements are wholly insufficient to negative in any definite way every inference of the existence of other facts under which the petitioner would not be entitled to the relief sought. As held in Harding v. W. L. Pearson & Co., Tex.Com.App., 48 S.W.2d 964, 966, "The rule is settled in this state that a petition for injunction must clearly and distinctly state all the material and essential elements entitling the party to relief, and negativing every reasonable inference arising upon the facts so stated, that the party might not, under other pertinent supposable facts, be entitled to relief." Citing many authorities.

The same rule is very clearly stated and applied by this court in a recent opinion in T. E. Powell et al. v. City of Baird, Tex.Civ.App., 132 S.W.2d 464.

The wisdom of such rule could hardly find better illustration than that given by the facts, or possible facts, of the instant case. Here the judgment in the County Court in the sum of $167 is sought to be enjoined as void on the ground that the matter in controversy in the county court did not exceed $200. In connection with such alleged fact ($167) are pertinent, or certainly supposable facts, namely, that (1) the amount sued for in good faith exceeded in value $200 and fell within the jurisdictional limits of the county court, or (2) the jurisdictional amount (or matter in controversy) might well have been controlled by the amount or value of the property covered by a chattel mortgage on

which foreclosure was sought. These supposable facts were not negatived and the requisites of a sufficient pleading or notice and hearing would have disclosed the true facts in each respect.

The above fatal deficiency in the pleadings renders them insufficient to support the relief granted, but we find from a study of this record that attached to the appellant's assignments below are the pleadings upon which the judgment sought to be enjoined was rendered. The petition in that court reveals that the matter in controversy or amount sought to be recovered was $217 and that foreclosure of a mortgage lien was sought on property valued at $244, and found by the County Court to be of that value. These facts omitted from allegations of the petition illustrate how the rule works and the soundness thereof.

For the reasons assigned the judgment of the trial court is reversed and the cause remanded.