## REFRIGERATION DISCOUNT CORPORATION et al. v. MEADOR.

### No. 2034.

Court of Civil Appeals of Texas. Eastland.

Oct. 27, 1939.

Rehearing Denied Dec. 1, 1939.

H. C. Ray, of Fort Worth, for appellants.

Oxford & McMillan, of Stephenville, for appellee.

LESLIE, Chief Justice.

This is an appeal from an order of the District Court of Erath County granting a temporary injunction. W. H. Meador was the plaintiff complaining of the Refrigeration Discount Corporation and Carl W. Turnbow, Sheriff of Erath County. The parties will be referred to as in the trial court or pleadings.

The injunction was granted without notice and hearing. The petition for the temporary injunction does not contain any allegation showing any pressing necessity therefor, and that the threatened injury was imminent and irreparable if not prevented. When that is not the case, or such facts are not alleged, power to grant such relief will not be exercised without notice to the parties to be restrained. This rule is well established, as may be seen from our opinion in International Harvester Co. v. Farmers & M. Nat. Bank of De Leon, 126 S.W.2d 690, and the many authorities cited therein.

This appeal might well be disposed of on the ground stated but the facts of the case, as disclosed by the pleadings, will be more fully dealt with. They are in substance: Originally S. R. Thomas executed to W. H. Meador a note which Meador indorsed to the Discount Corporation, which thereafter instituted suit thereon in the Justice Court of Precinct No. 1, Tarrant County, Texas, against Meador and Thomas, recovering judgment for the balance due thereon, amounting to about $82.60. The execution on that judgment is here sought to be enjoined; and upon the petition of

Meador a temporary injunction was granted by the District Court of Erath County and made returnable to that court.

Concerning the transaction resulting in the execution of the note Meador alleges "* * that when said Refrigeration Discount Corporation purchased said note it contracted to pay to plaintiff the sum of $130 for the same, but in fact said defendant only paid to this plaintiff the sum of $117 and held $13 of this money rightfully belonging to this plaintiff, issued this plaintiff its receipt for said sum of money, and *agreed to pay him (Meador) said sum of money upon the final payment of said note;* that *after said judgment was rendered* in the Justice Court of Precinct No. 1 of Tarrant County, Texas, this plaintiff delivered to H. C. Ray, attorney for Refrigeration Discount Corporation, his receipt for the sum of $13 to be credited upon said judgment, and the said H. C. Ray has retained possession of said receipt, but has failed and refused to pay said sum of $13 on said judgment and that this plaintiff is entitled to such credit thereon and that for that reason the execution is for a sum of money $13 in excess of that actually owing by this plaintiff and if said Sheriff is permitted to levy on the property of this plaintiff he will force this plaintiff to pay the entire amount shown to be due by the execution * * *." Wherefore, the plaintiff is without adequate remedy at law and will suffer irreparable injury, etc. (Italics ours.)

He prays that on final hearing the injunction be perpetuated and "he have judgment requiring the Justice Court of Precinct No. 1 of Tarrant County, Texas, to enter a credit upon the judgment upon which said execution was issued of $13 in so far as said Justice Court judgment is against this plaintiff * * *."

■ Obviously, the proceeding for the injunction does not attack the judgment of Justice Court as being in any respect void. The petition, in effect, admits the validity of the judgment, and the certified record from the Justice Court presented with the appellant's brief, and unobjected to, discloses that the judgment is in all things regular, taken after due service and return of citation and even upon default on the part of the plaintiff. No taint of irregularity is charged by reason of the manner in which the judgment was taken. The plaintiff Meador alleges affirmatively "that after said judgment was rendered" he negotiated with H. C. Ray, attorney for the corporation, and delivered him the receipt for the $13 which was to be credited upon said judgment. Since this $13 item originated at the time the corporation took Meador's note no reason is given why he did not appear in the Justice Court and present it as a counter claim or credit against the note. In fact, nothing seems to have been said or done subsequently about this item until "after the judgment." However, there would seem to be at least one very good reason why he may not have appeared and asked for such set off. In his petition for this injunction Meador affirmatively alleges that the corporation "agreed to pay him said sum of money upon the *final payment of said note.*" Since the plaintiff admits he has not paid either the note or the judgment thereon, doubtless he did not think himself entitled to the $13 credit, which forms the basis of this action.

■ In this connection it is also evident that Meador seeks to enjoin the judgment without tendering the balance thereof which he admits to be due. Further, on the whole state of facts presented, it is apparent that Meador has a legal remedy in that he can institute a suit against the corporation for the $13 if and when it becomes due him under the contract which he alleges he had with the Refrigeration Discount Corporation. Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.2d 951, 952; Hill v. Brown, Tex.Com.App., 237 S.W. 252.

The right to this temporary writ of injunction is challenged upon other grounds, but we deem it unnecessary to discuss them.

For the reasons assigned the judgment of the trial court is reversed and the cause remanded.