## CITY OF WICHITA FALLS v. JENSEN.

### No. 15064.

Court of Civil Appeals of Texas.
Fort Worth.

June 14, 1949.

W. L. Bass and Guy H. McNeely, both of Wichita Falls, for appellant.

Allen, Locke & Kouri and Z. D. Allen, all of Wichita Falls, for appellee.

HALL, Justice.

This appeal is from an order of a district court of Wichita County, Texas, granting a temporary injunction.

On March 8, 1948, appellee Chris Jensen was acting as police chief for the City of Wichita Falls, Texas, which has a population in excess of 10,000, and on said date said City by and through an election adopted the Civil Service Act, placing the police department under Chapter 22, Article 1269 m, Title 28 of Vernon's Ann.Civ.St.

On April 25, 1949 the City Council of the City of Wichita Falls passed the following resolution: "It was moved by Alderman Parish that Mayor Harold Jones be instructed to discharge Chief of Police within twenty-four hours and proceed to appoint his successor under the Civil Service Law now in force in the City of Wichita Falls."

On April 26, 1949, a district court of Wichita County, Texas, issued a temporary restraining order and on May 6, 1949 ripened the same into a temporary injunction, which in part is as follows: "* * * the defendants, and each of them be, and are hereby temporarily enjoined from discharging the plaintiff as Chief of Police of the City of Wichita Falls by any means other than that set out in what is known as the Civil Service Law and being Article 1269m, Revised Civil Statutes of the State of Texas, and the Clerk of this Court is hereby ordered to issue a temporary injunction upon the defendants and each of them * * *"

The trial court's conclusion of law as set out in the transcript is as follows: "It is the opinion of the Court that it is the clear intent of Article 1269m of the Revised Civil Statutes of Texas to include within the provisions of that act the position of Chief of Police, and that Chris Jensen, the Chief of Police of Wichita Falls is entitled to the rights and privileges granted in said act. That this article clearly sets out the means of demoting or discharging from public service, a Chief of Police."

We find the import of the court's temporary restraining order is meaningless and of no force and effect. Such order, we find, is too uncertain to be enforced since it does not specifically point out the acts enjoined. A restraining order or temporary injunction should be so clear as to apprise the defendant of what he is required to do or refrain from doing. Texas courts have refused to enforce for lack of certainty a decree ordering the defendants

1016

in effect to refrain from violating the anti-trust laws; Lone Star Salt Co. v. Blount, 49 Tex.Civ.App. 138, 107 S.W. 1163, or to refrain from using premises so as to constitute a nuisance to plaintiff's premises, Royalty v. Strange, Tex.Civ.App., 204 S.W. 870; and in other states the courts have refrained from interfering with any device not a gambling device, Oliver v. Orrick et al., 220 Mo.App. 614, 288 S.W. 966, or a blanket order against picketing, International Pocketbook Workers' Union v. Orlove, 158 Md. 496, 148 A. 826.

While in some instances the courts modify an order of restraint, yet we are at a loss as to what the trial court in this case had in mind and since it is the general rule that upon an appeal from an interlocutory order a review by an appellate court is restricted to the propriety of the order, such review on appeal from an injunction order does not extend to the merits of the main case, to any collateral orders, or to subsequent injunction orders. 24 Tex.Jur., p. 308.

In 28 Am.Jur., a portion of section 300, page 472, reads as follows: " * * * If the wrongs complained of and against which injunctive relief is sought are alleged violations of a statute in certain particulars, the decree may restrain the defendant from further like violations of the act, but should not enjoin in general terms violations of the act in the future in any particular, because an injunction of such general character would be violative of the elementary principles of justice, in that it would compel the defendant thereafter to conduct himself and his business under the jeopardy of punishment for contempt for violating a general injunction. The decree should be so framed as to afford the relief to which the complainant is entitled, and not to interfere with legitimate and proper action on the part of those against whom it is directed. The acts or things enjoined should be definitely specified, for, if too indefinite in character, the decree cannot be sustained * * * " See also Hopkins v. Frenchy, Tex.Civ. App., 75 S.W.2d 184.

The order appealed from is meaningless and unenforceable in that it merely pro-hibits appellant from unlawfully violating a statute, and restrains appellant from doing no specific act. It leaves open to conjecture the question as to whether the appellant's future acts would be violative of the order, which, in effect, would necessarily invite an additional law suit to determine whether or not appellant was violating the injunction.

We reverse the judgment of the trial court and dissolve the injunction at the cost of appellee.

Reversed and temporary injunction dissolved.