Harry Lee CARTER, Appellant,

v.

Gladys M. NICHOLS, Appellee.

No. 13869.

Court of Civil Appeals of Texas.

San Antonio.

June 28, 1961.

Rehearing Denied July 26, 1961.

Cofer & Cofer, Douglass D. Hearne, Austin, for appellant.

Robert R. Murray, A. R. Sohn, San Antonio, Murfee & Campbell, Houston, for appellee.

POPE, Justice.

Gladys M. Nichols, a judgment debtor, obtained a temporary injunction against the sale of the eight-story Brady Building in San Antonio under an execution. Harry Lee Carter, the judgment cred-

nor, has appealed. The judgment which Carter undertook to enforce by execution was an agreed judgment rendered on January 28, 1960, by the 73rd District Court of Bexar County. It gave judgment in favor of Carter and against Gladys Nichols for $70,000 and fixed a second lien in favor of Carter against the Brady Building. A part of the agreement which was expressly embodied in the judgment was that no execution would issue until March 1, 1961. The debtor has paid no part of the debt and she does not deny that she owes it. Carter waited until March 3, 1961, and at that time caused execution to issue. Gladys Nichols then filed this suit and the only relief sought is for an injunction against the sale under execution. After hearing, the court granted a temporary injunction until the disposition of a different suit pending in another court. In our opinion, the temporary injunction must be dissolved.

There is no attack upon the validity of the 1960 agreed judgment. It is final. There is no suit pending anywhere which seeks to correct, set aside, or nullify the former judgment. There is no claim that any agreement or actions subsequent to that judgment have altered or changed the force of the judgment. In other words, Carter now has a valid subsisting unsatisfied judgment for $70,000 which he is enjoined from enforcing. Upon such a state of facts, an injunction can not be used to review or to overthrow a judgment. To permit such procedure is to permit a collateral attack upon a judgment. Refrigeration Discount Corporation v. Meador, Tex.Civ.App., 134 S.W.2d 329; Texas National Bank v. Hahn, Tex.Civ.App., 84 S.W.2d 263; Taylor v. American Trust & Savings Bank, Tex.Civ.App., 265 S.W. 727; Hahn v. P. J. Willis & Bro., 31 Tex. Civ.App., 643, 73 S.W. 1084; 1 Freeman on Judgments, §§ 306, 312. The terms of the judgment settled the dispute upon which the judgment was rendered. 2 McCormick and Ray, Texas Law of Evidence, § 1615; 3 Freeman on Judgments, § 1350. Mr. Justice Smedley in Harrison v. Manvel Oil Co., 142 Tex. 669, 180 S.W.2d 909, 914, said:

> "Final judgment is intended to be the end of controversy and trial. * * * Otherwise, a final adjudication would become the starting point for new litigation, for reexamination and for second decision of the question decided in the former suit. Black on Judgments, 2d Ed., Vol. 1, pp. 364–366, Sec. 245. The controlling intention of the court's judgment is that expressed on the face of the judgment and not an intention that may be deduced from evidence that the court had before it. Blackwell v. Coleman County, 94 Tex. 216, 220, 59 S.W. 530."

Accord, Peterman v. Peterman, Tex.Civ. App., 55 S.W.2d 1108.

◼ Gladys Nichols needed to demonstrate her probable right by adducing evidence which tended to support her ultimate right to defeat the former judgment. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549, 552; Southwestern Greyhound Lines v. Railroad Commission of Texas, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235. Her real contention, from the record, is that she needs more time in which to discharge the judgment. She pleads that she has resources from the Brady Estate, of which she is a devisee, and that in time it will supply her with funds with which to pay Carter. She pleads that the executrix of the Brady Estate, in another court, has filed a suit for declaratory judgment concerning the payment of estate debts. She argues that "she intends to contest that suit and file a cross pleading against Harry Lee Carter, * * * raising the matter of Harry Lee Carter's right to levy execution upon his * * * judgment." She states that in that suit, pending elsewhere, she will litigate Carter's rights in the Brady Building. These pleadings and arguments are that she intends to reopen the matters litigated in a former suit and embodied in a final judgment. She has not yet, she says,

pleaded such a cause, but she will. This she will not do by a direct attack but by cross-action in a suit brought by somebody else and which in no way concerns her debt to Carter. It is not the function of a temporary injunction to extend a moratorium upon debts which are adjudicated to final judgment.

The judgment is reversed and the temporary injunction is dissolved.