Kenneth GENTRY, Appellant,

v.

McKNIGHT CONSTRUCTION COM-
PANY, Appellee.

No. 7963.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 25, 1969.

Rehearing Denied Dec. 30, 1969.

T. D. Wells, Paris, G. C. Harris, Green-
ville, for appellant.

L. W. Anderson, Anderson, Henley,
Shields, Bradford & Pritchard, Dallas, for
appellee.

CHADICK, Chief Justice.

A motion for summary judgment was
sustained and a judgment entered in the
8th Judicial District Court of Hunt Coun-
ty that Kenneth Gentry take nothing in his
suit against McKnight Construction Com-
pany. The original judgment entered was
superseded by a nunc pro tunc judgment.
Gentry has perfected an appeal from the
latter.

Previous to the summary judgment in
Hunt County, the record shows that as
next friend of his six year old son, Ken-
neth Dwayne Gentry, and in his individual
capacity, Kenneth Gentry instituted an ac-
tion against Jerry Lollar and McKnight
Construction Company in the 62nd District
Court of Lamar County. Gentry alleged
McKnight Construction Company was Lol-
lar's employer, and that a collision occurred
between a dump truck operated by Lollar
and an automobile driven by the elder Gen-
try in which the child was a passenger.
Lollar's negligence was alleged to be the

proximate cause of the collision and resulting injury and damage to Gentry and his son.

McKnight Construction Company's plea of privilege to be sued in Hunt County was sustained and the action as to the company was severed and transferred to Hunt County. Gentry proceeded with suit in Lamar County and secured judgment against Lollar in the amount of $3,000.00 for himself and $1,695.25 for his son, together with costs, etc. On the day judgment was entered, January 10, 1969, Gentry filed a document labeled "Release of Judgment" with the District Clerk of Lamar County, the Clerk of the court where the judgment was rendered. The instrument recited and acknowledged that the judgment was paid, satisfied and discharged.

Following termination of the Lamar County proceeding on February 27, 1969, McKnight Construction Company filed a motion in the District Court of Hunt County for summary judgment. Exhibits attached to the motion included a certified copy of the mentioned judgment of the District Court of Lamar County, and of the release thereof. The motion was sustained and on June 6, 1969, a take nothing judgment was signed and entered in the Hunt County suit. Slightly more than two weeks later, on June 21, 1969, the original judgment was supplanted by a nunc pro tunc judgment likewise disallowing recovery.

 Upon severance of Gentry's suit against McKnight Construction Company from that against Lollar, Gentry had two separate suits for recovery of damages for the same injury, or injuries, one pending in Lamar, the other in Hunt County. It is a fundmental rule that regardless of the number of causes of action that may be lawfully brought for a tortious injury, but one satisfaction can be had therefor. Hunt v. Ziegler, 271 S.W. 936 (Tex.Civ.App., San Antonio 1925).* The American Law Institute (1st Ed.1942) Restatement of the Law of Judgments § 95 puts the rule in this language: "The discharge or satisfaction of the judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability therefor." Gentry prevailed in the Lamar County suit and recovered damages for the injuries alleged. Upon satisfaction of the judgment, Gentry's right of action was extinguished.

The Lamar County Judgment contained a provision as follows, to-wit:

"It is the further order of this court that this judgment is a judgment against the defendant Jerry Lollar, only, and by no means is to be considered as being a judgment against McKnight Construction Company of Commerce, Texas, the other defendant herein, which other defendant has filed its plea of privilege herein which has been granted by this court as far as McKnight Construction Company only is concerned, and that cause of action has been severed herefrom and transferred to Greenville, Hunt County, Texas, as prayed for by McKnight Construction Company."

In this appeal Gentry takes the position that this paragraph reserved to him a right to recover damages in Hunt County against

---

* The Supreme Court granted a writ of error, and in Ziegler v. Hunt, 280 S.W. 546 (Tex.Comm.App.1926), it was said with reference to the Civil Appeals court opinion: "We think that court has written a very able opinion on the merits of this case and correctly decided those issues. We do not think we could improve the opinion in these respects, so we content ourselves by referring to it as our answer to many of the contentions contained in the application for writ of error. We think any other conclusion would do the greatest violence to thoroughly established rules of law and justice. The writ was granted to settle 'an apparent conflict' between this decision and those of other courts upon a practice question." The opinion contains a discussion of other matters and concludes with the recommendation that the Civil Appeals Court be affirmed. The judgment recommended by the Commission was adopted by the Supreme Court.

McKnight Construction Company in addition to the satisfied award thereof in the Lamar County suit. The quoted language standing alone or in context with the remainder of the judgment does not expressly or by implication reserve to Gentry such right. It reaffirmed the clear import of the instrument, that the judgment was against Lollar only, and not against McKnight Construction Company. Because the provision does not constitute a reservation, the legal effect of a reservation of the nature claimed is not reached.

This court has no alternative to affiirming the judgment of the trial court. It is so ordered.