**Earl W. NIELSEN, Appellant,**

v.

**FORD MOTOR COMPANY, Appellee.**

**No. 16282.**

Court of Civil Appeals of Texas, San Antonio.

July 9, 1980.

Rehearing Denied Feb. 27, 1981.

---

Les Mendelsohn and David T. Shannon, Branton & Mendelsohn, San Antonio, for appellant.

Lewin Plunkett, Wiley, Plunkett, Gibson & Allen, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

This is a suit by plaintiff, Earl W. Nielsen, to recover from defendant, Ford Motor Company, for physical injuries allegedly resulting from certain defects in the design and manufacture of plaintiff's vehicle. Plaintiff appeals from a judgment dismissing his suit with prejudice.

Plaintiff was injured when his vehicle was involved in a collision with one driven by W.P. Mabry. Plaintiff filed suit against Mabry to recover for his injuries. Subsequently, plaintiff and Mabry entered into a settlement agreement and plaintiff, after releasing Mabry from further liability in consideration of the payment of $18,500.00 by Mabry, dismissed this suit.

Plaintiff then filed this suit against Ford seeking recovery on a theory of strict liability. Ford impleaded Mabry and, after Mabry had pleaded the settlement of plaintiff's claim against him, the execution of the release and the dismissal of plaintiff's prior suit against Mabry, Ford filed a plea asserting that plaintiff's release of Mabry and the dismissal of the prior suit barred recovery by plaintiff from Ford because Ford and Mabry were joint tort-feasors. The trial court sustained this defense and entered the judgment of dismissal from which plaintiff appeals.

The instrument executed by plaintiff in connection with his settlement with Mabry released Mabry, his heirs, executors and assigns "and any and all other persons, . . . in privity with" Mabry from all liability in connection with the vehicular collision.

The order dismissing plaintiff's suit against Mabry recites that plaintiff announced that he no longer desired to prosecute his suit and moved that the suit be dismissed. The decretal part of the order is that the suit "be, and the same is hereby, dismissed with prejudice."

The parties agree that, since the abandonment of the "unity of release rule" in

*McMillen v. Klingensmith,* 467 S.W.2d 193 (Tex.1971), the release of Mabry did not, of itself, release Ford. Ford, however, insists that the "judgment" in plaintiff's prior suit against Mabry precludes recovery by plaintiff against Ford in this case, or, in the alternative, that such judgment, when combined with the release, insulates Ford from all liability.

 There can be no doubt that where a plaintiff obtains a judgment against one of several joint tort-feasors and accepts satisfaction of such judgment, all other joint tort-feasors are thereby released. This rule is based on "the fundamental fact that there is but a single injury, in itself and of itself indivisible, and constituting an indivisible cause of action, for which both in law and good conscience there can be but one satisfaction; and when that satisfaction is made by one of the joint tort-feasors, or by any person [citation omitted], it has the effect of releasing all others who may be jointly, or jointly and severally liable." *Hunt v. Ziegler,* 271 S.W. 936, 938 (Tex.Civ. App.—San Antonio 1925), *aff'd* 280 S.W. 546 (Tex.Comm'n App. 1926, judgmt. adopted). This "one satisfaction principle" was reaffirmed by the Supreme Court in *T.L. James and Co., Inc. v. Statham,* 558 S.W.2d 865 (Tex. 1977), where plaintiff had obtained a judgment for his entire damages in a suit against one of the joint tort-feasors and such judgment had been satisfied.

Ford correctly points out that an agreed judgment has the same degree of finality and binding force as does one rendered at the close of an adversary proceeding, citing *Rhoades v. Prudential Leasing Corp.,* 413 S.W.2d 404, 407 (Tex.Civ.App.— Austin 1967, no writ) and *Carter v. Nichols,* 349 S.W.2d 264, 265 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.), and that the judgment on which the decision was based in *Hunt v. Ziegler,* 271 S.W. 936, 937 (Tex.Civ.App.—San Antonio 1925), *aff'd,* 280 S.W. 546 (Tex.Comm'n App. 1926, judgmt. adopted), was an agreed judgment.

In all of the cases relied on by Ford the terms of the settlement were recited in the judgment and in each case the judgment contained an award of damages against defendant. As pointed out in *Carter v. Nichols,* 349 S.W.2d 264 (Tex.Civ.App—San Antonio 1961, writ ref'd n. r. e.), "[t]he terms of the judgment settled the dispute upon which the judgment was rendered." 349 S.W.2d at 265.

In this case, the order of dismissal does not by its terms settle anything. The terms of the settlement are not mentioned and it cannot be persuasively argued that the dismissal order imposed any obligation on Mabry to pay anything. At no time has there been, in the Nielsen-Mabry case, a valid subsisting unsatisfied judgment which plaintiff can enforce. Mabry's obligation to pay was created by the settlement agreement and not by the judgment. Mabry's payment to plaintiff was not in satisfaction of a judgment which created an obligation.

It is not unusual for settlements to be reached and releases executed after suit has been filed. Normally, the settlement agreement calls for a dismissal, usually with prejudice, of plaintiff's suit. To hold that the mere entry of a dismissal order would have the effect of releasing other tort-feasors would be to limit the rule of *McMillen v. Klingensmith,* 467 S.W.2d 193 (Tex.1971), to cases where settlement is reached prior to the filing of suit. The *McMillen* opinion furnishes no basis for such a limitation.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.