

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-15-00159-CV

NADER DARYAPAYMA A/K/A NADER PAYMA AND 4 ANGELS, INC.                     APPELLANTS

V.

MYUNG 'MICHAEL' PARK                     APPELLEE

----------

### FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 096-233401-08

----------

## MEMORANDUM OPINION[1]

----------

The question presented is whether the trial court ran afoul of the one-satisfaction rule by rendering judgment against both Appellant Nader Daryapayma a/k/a Nader Payma and Appellant 4 Angels, Inc. for the full amount of the single financial injury that Appellee Myung 'Michael' Park suffered after

---

[1]*See* Tex. R. App. P. 47.4.

rendering separate default judgments in favor of Park and against Defendants John Bogert and A-4 Supply & Parts, Inc. for the same damages. It did not. We will affirm.

According to Park's third amended petition, Daryapayma is the sole officer and director of 4 Angels, Inc., a Texas corporation, and Bogert is the president and sole officer and director of A-4 Supply & Parts, Inc., also a Texas corporation. At some point, Daryapayma approached Park about purchasing "Dapper Cleaners," a dry-cleaning business located in Tarrant County. Daryapayma made "a host of representations" and one or more promises about the business.

In February 2008, Park executed a commercial contract for the acquisition of the business. The agreement identified Park as the buyer, A-4 Supply & Parts as the seller, Bogert as the "President" of A-4 Supply & Parts, and Daryapayma as the "Seller's Representative." One of the agreement's provisions provided that Daryapayma had to "buy back" the business if Park was not satisfied with it within six months after the closing, and an addendum required A-4 Supply & Parts to return Park's payment if a new lease contract was not in place within a month after closing. Park paid $150,000 of the $190,000 total purchase price at the closing and agreed to pay the remaining balance within six months. Park alleged that the initial $150,000 payment was deposited into a business account for 4 Angels but never transferred to A-4 Supply & Parts.

2

Park later sought a refund of the $150,000 payment because a new lease was not obtained timely. He also requested that Daryapayma buy back the business, having learned that "various representations that had been made to him in connection with the sale . . . were false." Daryapayma, however, did not buy back the business, and A-4 Supply & Parts did not return the $150,000.

Park consequently sued Daryapayma, 4 Angels, Bogert, and A-4 Supply & Parts to recover damages, punitive damages, additional damages, and attorneys' fees resulting from the circumstances surrounding the acquisition of the business.[2] After Bogert and A-4 Supply & Parts failed to file answers, the trial court granted default judgments against them. Each then-interlocutory default judgment awarded Park $173,844.88 and stated that of that amount, $150,000 consisted of contract damages.

Park's suit against Daryapayma and 4 Angels eventually proceeded to trial, and a jury returned a verdict in favor of Park and against Daryapayma on Park's claims for fraud, violation of the DTPA, and negligent misrepresentation and a verdict in favor of Park and against 4 Angels for money had and received.

---

[2]Park averred in part,

> Defendants set up A-4 Parts & Supply, Inc. as the "dummy" seller in the hope that Park would have little or no recourse under the Sale Agreement or Addendum. Defendants never had any intention to honor their promises or agreements to repurchase the business or refund the $150,000 payment if triggered. Defendants knew Park would ultimately uncover the lies and deception and so attempted to set up the sale with a "straw man" seller that would have no or insufficient assets to satisfy any judgment against it.

3

The trial court's final judgment awarded Park $150,000 against Daryapayma, plus additional damages, attorneys' fees, pre- and post-judgment interest, and court costs.[3]  Against 4 Angels, the final judgment awarded Park $150,000, plus attorneys' fees, pre- and post-judgment interest, and court costs.[4]

Appellants argue in their first issue that the trial court violated the one-satisfaction rule by awarding Park actual or economic damages totaling $600,000—$150,000 against Daryapayma, 4 Angels, Bogert, and A-4 Supply & Parts each—when Park alleged that the defendants had caused him a single financial injury, albeit through technically different acts, in the amount of only $150,000.  Appellants complain that Park already obtained judgments against Bogert and A-4 Supply & Parts totaling $300,000 and that awarding him judgments against Appellants for an additional $300,000 in damages gives him a prohibited windfall.  Park responds that "until there is payment [i.e., some satisfaction] the one-satisfaction rule is inapplicable and Appellants' attempt at credit is premature."  Park is correct.

The one-satisfaction rule prohibits a plaintiff from obtaining more than one recovery for the same injury.  *Tony Gullo Motors, I, L.P. v. Chapa*, 212 S.W.3d 299, 303 (Tex. 2006).  It applies when multiple defendants commit the same

---

[3]Park elected to recover against Daryapayma under Park's DTPA claim.

[4]Bogert and A-4 Supply & Parts filed a notice of appeal from the trial court's final judgment but later moved to voluntarily dismiss the appeal, which this court granted.

4

acts, or when multiple defendants commit technically different acts that result in a single injury. *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390 (Tex. 2000) (op. on reh'g). If there is only one injury, even if it is based on several overlapping and varied theories of liability, a plaintiff will only be permitted one recovery. *Buccaneer Homes of Ala., Inc. v. Pelis*, 43 S.W.3d 586, 590 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *see Foley v. Parlier*, 68 S.W.3d 870, 883 (Tex. App.—Fort Worth 2002, no pet.) ("The prohibition against double recovery is a corollary of the rule that a party is entitled to but one satisfaction for the injuries sustained by him."). What may not be immediately apparent from these well-established standards, but what the caselaw has squarely concluded, is that the one-satisfaction rule does not bar a trial court from rendering a judgment against one party when another judgment rendered against a different party for the same injury or damages has gone unsatisfied.

It is well settled that an injured party may sue and proceed to judgment against all joint tortfeasors together, or any number less than all, or each one separately in successive suits; and that an *unsatisfied* judgment recovered against one of them will *not* operate as a bar to an action against another; provided however, the plaintiff may finally satisfy only one judgment. *Krobar Drilling, L.L.C. v. Ormiston*, 426 S.W.3d 107, 112 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). Indeed, "it is the *satisfaction* of a judgment, not the *obtaining* of a judgment, that bars further suits." *Id.* (emphasis in original); *see T.L. James & Co. v. Statham*, 558 S.W.2d 865, 868 n.1, 869 (Tex. 1977) (observing that an

5

unsatisfied judgment against one tortfeasor does not bar an action against another and holding that the one-satisfaction rule prohibited plaintiff from prosecuting a second suit against different wrongdoers because defendants in first suit had satisfied judgment); *Burchfield v. Prosperity Bank*, 408 S.W.3d 542, 548–49 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (holding that one-satisfaction and double-recovery rules were inapplicable to judgment obtained by bank against guarantor for deficiency on note because default judgment rendered against other guarantor had gone uncollected); *Ally v. Bank & Trust of Bryan/College Station*, No. 10-11-00080-CV, 2012 WL 662324, at *11 (Tex. App.—Waco Feb. 29, 2012, no pet.) (mem. op) (holding that summary-judgment order against appellant did not give appellee double recovery because no amount of agreed judgment obtained against co-defendant for full amount owed on note had been paid); *see also Shriro Corp. v. Ward*, 570 S.W.2d 395, 397 (Tex. 1978) (citing *T.L. James & Co.* and stating that "this is not a case in which the settlement or judgment in one suit *is paid* in an amount which equals or exceeds one's damages, in which instance the satisfaction doctrine will bar a second suit." (emphasis added)).

There is no evidence that any part of the default judgments rendered against Bogert and A-4 Supply & Parts has been paid, nor do Appellants even argue as much.[5] *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517

---

[5]Appellants filed a partial reporter's record that contains only the proceedings for their motion for a directed verdict and the charge conference.

(Tex. 1988) (explaining that party asserting affirmative defense bears the burden to plead, prove, and secure findings on the defense). In the absence of any actual payment or satisfaction, the mere existence of the default judgments was no bar to the final judgments rendered against both Daryapayma and 4 Angels.[6] *See Burchfield*, 408 S.W.3d at 548–49; *Krobar Drilling*, 426 S.W.3d at 112; *Ally*, 2012 WL 662324, at *11; *see also T.L. James & Co.*, 558 S.W.2d at 868–69.

Appellants fear that the multiple judgments entitle Park to a windfall, but their concern is unfounded. *See Nielsen v. Ford Motor Co.*, 612 S.W.2d 209, 211 (Tex. Civ. App.—San Antonio 1980, writ ref'd n.r.e.) ("There can be no doubt that where a plaintiff obtains a judgment against one of several joint tort-feasors and accepts satisfaction of such judgment, all other joint tort-feasors are thereby released."); *Gentry v. McKnight Constr. Co.*, 449 S.W.2d 287, 288 (Tex. Civ. App.—Texarkana 1969, writ ref'd n.r.e.) (citing Restatement Law of Judgments for the proposition that "'[t]he discharge or satisfaction of the judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability therefor'"); *Hunt v. Ziegler*, 271 S.W. 936, 938 (Tex. Civ. App.—San Antonio 1925) ("It is a universal rule that where there has been a judgment against one of two or more

---

[6]Appellants complain that Park did not plead joint and several liability, but insofar as he was required to do so, the matter was waived because the record does not indicate that Appellants raised it in the trial court. *See* Tex. R. Civ. P. 90.

7

joint tort-feasors, followed by an acceptance of satisfaction, all other tortfeasors are thereby released . . . ."), *aff'd*, 280 S.W. 546 (Tex. 1926).

The trial court did not violate the one-satisfaction rule in rendering judgment against Appellants. We overrule their first issue.

Appellants argue in their second and third issues that the trial court reversibly erred by denying their motion for a directed verdict and by awarding Park $75,000 in additional damages against Daryapayma. Both issues are expressly premised upon the same argument that Appellants raised in their first issue. Having overruled Appellants' first issue, we also overrule their second and third issues.

Having overruled Appellants' three issues, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: MEIER, GABRIEL, and SUDDERTH, JJ.

DELIVERED: November 3, 2016