P. HAHN, ADMINISTRATOR, v. P. J. WILLIS & BRO. ET AL.

Decided March 19, 1903.

**1.—Injunction—Restraining Sale—Adequate Remedy.**

Injunction will not lie to restrain the sale of land when there is an adequate legal remedy to protect the title.

**2.—Same—Administrator—Interest of Heir.**

An administrator is not entitled to enjoin the sale under execution of an heir's interest in lands of the estate on the ground that it would cast a cloud on the title of the land and prevent its selling for its value at administrator's sale, since the purchaser at the execution sale would take title subject to the administration for payment of debts, and trespass to try title would afford full and adequate legal remedy to a purchaser from the administrator.

Appeal from the District Court of Colorado. Tried below before Hon. M. Kennon.

*Foard, Thompson & Townsend,* for appellant.

*Adkins & Green,* for appellee.

GARRETT, CHIEF JUSTICE.—The appellant brought this suit in the District Court of Colorado County against the appellees, P. J. Willis & Bro., and the sheriff of the county, to enjoin the sheriff from selling on execution against them the interest of C. Hahn and P. Hahn as heirs in a tract of land belonging to the estate of Elizabeth Hahn, deceased, of which the appellant was administrator. It was alleged that appellant claimed and held the land as a part of the assets of said estate, administration of which was pending in the County Court of Colorado County; that the estate was probably insolvent; and that a sale of the land under the execution would cast a cloud upon the title and prevent its selling for its value at administrator's sale. Appellees demurred to the petition, and also excepted to the jurisdiction of the court that the County Court of Colorado County alone had jurisdiction to enjoin the sale. The trial court sustained the demurrers, dismissed the petition, and rendered judgment in favor of the appellees.

The rule is too well established in this State to require discussion that injunction will not lie to restrain the sale of land when there is an adequate legal remedy to protect the title. Purinton v. Davis, 66 Texas, 456; Mann v. Wallis, 75 Texas, 611; Chamberlain v. Baker, 28 Texas Civ. App., 499, 4 Texas Ct. Rep., 339. The title of the land, while it descended and vested in the heirs of Elizabeth Hahn at her death, did so subject to administration for the payment of the debts of the deceased. Only the interest of C. Hahn and P. Hahn as heirs was levied on, and a purchaser at the sale would take the title subject to administration. He would take no better title than would a purchaser from them at private sale, whose title is clearly subject to be defeated by sale by the administrator. Trespass to try title would be a full and adequate legal remedy. The judgment is affirmed.

*Affirmed.*

Writ of error refused.