## SEWELL v. TAYLOR et al. (No. 1684.)

(Court of Civil Appeals of Texas. Amarillo. June 9, 1920. Rehearing Denied Oct. 13, 1920.)

1. **Attachment ⬤=60—Interest of devisees in land may be attached.**

The interest of one of several devisees in the land devised may be attached for a debt owing by the devisee.

2. **Attachment ⬤=50—Writ from county court may be levied on real estate.**

An attachment issued out of the county court can be levied upon real estate in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 268, providing for enforcement of the lien of attachment issued from a county court and levied on land.

3. **Wills ⬤=601(4)—Provision for keeping property intact does not divest interest of devisee.**

Where a testator devised his property to his wife and children, a subsequent provision that it was to be kept intact until the youngest child attained his majority did not defeat the title theretofore vested in the devisees, and a creditor of a nonresident devisee could attach his interest in the property and obtain service by publication, even though he could not require partition of the property before the youngest child reached majority.

Appeal from Lipscomb County Court; B. E. Shutterly, Judge.

Action by W. H. Sewell against Albert Taylor and others. Judgment for defendants on plea in abatement, and plaintiff appeals. Reversed and remanded.

W. H. Sewell, of Lipscomb, for appellant. E. C. Gray, of Higgins, for appellees.

HALL, J. Appellant sued appellee Taylor upon a promissory note, executed by the latter, and caused a writ of attachment to be issued and levied upon Taylor's undivided interest in a half section of land in Lipscomb county. It was alleged that Taylor was a nonresident of the state, and the service was by publication. Thereafter Mrs. Clara Aldridge, joined pro forma by her husband, intervened, filing a plea in abatement of the attachment proceedings, alleging, in substance, that the land in question was the community property of herself and her former husband, Jeff D. Taylor, deceased; that Jeff D. Taylor died testate, directing by his will that his property should be held undivided until all his children attained their majority; that said will had been duly probated, and intervener had qualified as independent executrix of the will. Other pleadings were filed which we deem unnecessary to be set out here. By his will Jeff D. Taylor provided, first, for the payment of his debts and funeral expenses. The balance of the estate he be-

---

⬤=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

queathed to his wife and to the children at home, including the appellee, Albert Taylor. He bequeathed $1 each to his married daughters, Susan and Maggie. The will further provides:

"The property to be held undivided until the children are all of age, and further I name my· beloved wife, Clara A. Taylor sole administratrix and request that no bond be required of her, and that no expenses be attached to the administration of the estate further than that of filing an inventory, as required by law."

The court sustained the plea in abatement, the judgment reciting in part:

"It being admitted by all parties to the suit that the court could consider the following facts in passing upon the plea of abatement: That the copy of the will of Jeff D. Taylor attached to the pleading of abatement is a true and correct copy of the said will, and that said will had been duly probated; that the youngest child named in the will of said Jeff D. Taylor is now about the age of 12 years; that the half section of land referred to in the return of the sheriff on the attachment writ was the community property of himself and Clara A. Aldridge, and at the time of the death of Jeff D. Taylor the intervener, Clara A. Aldridge, was his wife, and has since married; that Clara A. Aldridge qualified as executrix of the will of Jeff D. Taylor under the name of Clara A. Taylor; that Albert Taylor is a nonresident of the state of Texas, and over the age of 21 years when he signed the note sued on, and is one of the parties named in the will of Jeff D. Taylor, as taking an equal share of his property, with others named therein, and that service was had upon him by publication, and his answer filed in this cause is by an attorney appointed by the court."

According to the admitted facts recited in the judgment Albert Taylor has an undivided interest in the land in question.

[1] The appellant's debt was not against the estate, but against one of the devisees, and it has been held that in cases of this character the interest of a devisee is subject to attachment. Thompson v. Shackleford, 6 Tex. Civ. App. 121, 24 S. W. 980.

[2] We infer from appellees' brief that the contention was made in the court below that an attachment issued out of the county court could not be levied upon real estate. Article 268, V. S. C. S., provides that when an attachment, issued from a county court, has been levied upon land, no order or decree foreclosing the lien thereby acquired shall be necessary, but that the judgment shall briefly recite the issuance and levy of such attachment, and such recital shall be sufficient to preserve the lien until it can be sold under execution after judgment. This question was discussed and settled by the Supreme Court in Baker v. Pitluk & Meyer, 205 S. W. 982.

[3] The will of Jeff D. Taylor vests the title to the property in his wife and the children named therein. The provision that the property should be held undivided until all the children are of age does not have the effect of defeating the title vested by the first clause of the will. We are not required by the record to determine the extent of Albert Taylor's interest in the land, nor is the record in such condition that we could do this; nor do we intend to hold or intimate that appellant could require a partition of the land before the youngest child attained its majority. That question is not before us. The extent of our holding is that the will vested an undivided interest in the property in Albert Taylor, and that such undivided interest is subject. to attachment in this suit, claiming an indebtedness against him individually.

The judgment is reversed, and the cause remanded.