**LOZANO, Constable, et al. v. GUERRA et al.**

**No. 10823.**

Court of Civil Appeals of Texas.
San Antonio.
May 15, 1940.

Geo. L. Wideman and J. F. Carl, both of Edinburg, for appellants.

H. P. Guerra, Jr., of Rio Grande City, for appellees.

SMITH, Chief Justice.

A judgment was rendered against G. A. Guerra in one of the district courts of Cameron County in favor of C. J. Liljestrand. An alias execution was issued on the judgment and delivered to Bruno Lozano, a constable of Starr County, who levied upon the undivided interest of G. A. Guerra in the real and personal estate of his mother, Mrs. Virginia C. Guerra, deceased. That estate is in the process of an independent administration.

The independent executors, appellees here, brought this suit for a temporary injunction to restrain the constable from proceeding with the advertisement and sale of the undivided interest of G. A. Guerra in the estate. The temporary injunction was granted as prayed for, and the constable and Liljestrand have appealed from that order.

In her duly probated will, the testatrix devised all of her estate to her children, including G. A. Guerra, share and share alike. It was provided in the fourth paragraph of the will that the "estate be kept intact as an estate under the complete control and management of the independent executors for a period of five years from the date of (her) death, unless in the discretion of the executors it is advisable to distribute" it, or any part of it, at an earlier date. The five-year period has not expired, and the executors have made no attempt to distribute the estate among the beneficiaries. In the will absolute management of the estate was given the executors with full power to sell or dispose of the property in the course of their administration.

■ The interest of G. A. Guerra, although undivided, is a vested interest which is subject to sale under writ of execution. Gregg v. First Nat. Bank, Tex.Com.App., 26 S.W.2d 179; Caples v. Ward, 107 Tex. 341, 179 S.W. 856. It is true that the interest is subject to administration, and it may be defeated, as for example, by the taking of the property for the payment of the debts of the deceased; but the purchaser at execution would be charged with this knowledge, and must assume the risk. This possibility, however, does not change the character of the interest so as to render it exempt from execution.

It was contended by the executors in the court below that the sale under execution would interfere with and obstruct their administration of the estate and the injunction was apparently granted on this theory. In order to meet this contention, the appellants notified the executors that they did not intend to disturb them in the administration, but such intentions on the part of the constable and judgment creditor can not be considered as having any legal effect. We think the true test is, Will the sale of the undivided interest

give to the purchaser rights and privileges which, if exercised, would have the effect of interfering with the duties of the executors under the will? If so, the sale is ineffectual and may be enjoined.

■ The executors are now in possession of the estate and under the terms of the will they are charged with the duty of administering it for not more than five years. The purchaser at the execution sale will not be entitled to take possession of G. A. Guerra's interest so long as the executors are lawfully discharging their duties, and he can not abridge their right to possession and control of the estate. The purchaser will buy the title of G. A. Guerra, but this alone will not give him any rights to disturb the executors, and will cast no cloud upon the title of the executors.

■ Complete control of the estate is given to the executors. G. A. Guerra, as a devisee, can not interrupt this control. Since the purchaser at execution sale will succeed only to the title of G. A. Guerra, he will gain no other or greater rights by virtue of the sale than those of the judgment debtor. If the devisee had voluntarily sold all his interest in the estate, the executors could not complain, and they are not entitled to restrain an enforced alienation. The purchaser will assume the position of G. A. Guerra in his relationship with the executors; he will become bound by all the provisions of the will, and he can in no way interfere with or disturb the independent administration.

■ The executors urge the contention that they are in fact trustees and that the general rules preventing the sale of the corpus of a trust should be invoked here. We overrule this contention. In the second paragraph of the will title to the property is vested in the children. The five-year period provided for in the fourth paragraph does not have the effect of defeating this title, but simply marks the limit of the period of administration. The nature of this administration is not such as to prevent the sale of the interest of a devisee. Sewell v. Taylor, Tex.Civ. App., 224 S.W. 530.

We therefore hold that the undivided interest of G. A. Guerra in the estate of his mother may be sold under writ of execution, subject to the independent ad-

ministration and the provisions of the will.

The judgment of the trial court is reversed, and the temporary injunction dissolved.

NORVELL, J., disqualified, not sitting.