McGRIFF et al. v. HAZLE et al.

No. 2565.

Court of Civil Appeals of Texas. Eastland.

Feb. 14, 1947.

Rehearing Denied March 7, 1947.

L. D. Hawkins, of Breckenridge, for appellant.

Crowley, Gambill & Smith, of Fort Worth, and L. H. Welch, of Breckenridge, for appellees.

GRISSOM, Chief Jusice.

In 1940 Frances Pittman (now Frances Pittman Hazle) sued Ada Pearl Rogers (now Ada Pearl Rogers Pittman) for damages for alienating the affections of her husband, Troy Pittman, now the husband of Ada Pearl Rogers. The suit resulted in a judgment for the plaintiff, Frances Pittman. The judgment was never satisfied. Ada Pearl Rogers Pittman is the daughter of Roy Hill, deceased. About March 1, 1946, Roy Hill was shot by his wife, Eula Bea Stone Hill. On March 1, 1946, he executed a will devising and bequeathing his property in equal portions to Ada Pearl Rogers Pittman, his daughter by a former marriage to Willie McGriff, and to Dennis Hill, the son of Roy Hill and Eula Bea Stone Hill. On the night of March 4, 1946, Roy Hill died. Willie McGriff is a resident of Archer County, and Troy Pittman and wife, Ada Pearl Rogers Pittman, reside in Young County. On the morning of March 5, 1946, after the death of Roy Hill the preceding night, said parties were in Breckenridge, Stephens County, and Troy Pittman on said morning caused an attorney at Breckenridge to prepare a deed conveying all of the property that his wife, Ada Pearl Rogers Pittman, might acquire under the will of her father, Roy Hill, to her mother, Willie McGriff. The consideration recited in said deed was that Willie McGriff would by will give her daughter, Ada Pearl Rogers Pittman, all of her separate estate. The deed was executed the day it was prepared, and at 3:50 P. M. on the same day, March 5, 1946, it was filed with the Clerk of the County Court of Stephens County for record. At the same moment an abstract of the judgment in favor of Frances Pittman (now Hazle) against Ada Pearl Rogers (now Pittman) was filed with said County Clerk.

On March 26, 1946, Frances Pittman Hazle joined by her husband, J. N. Hazle, filed suit in the District Court of Stephens County against Ada Pearl Rogers Pittman, Troy Pittman, and Willie McGriff alleging the rendition of the judgment in favor of Frances Pittman against Ada Pearl Rogers; that on the 5th of March, 1946, an abstract of judgment was filed and recorded in the records of Stephens County, Texas, and entered upon the index; that when the defendants filed the quitclaim deed from Ada Pearl Rogers Pittman and husband to Willie McGriff, they had notice and knowledge of the filing of said abstract of judgment in Stephens County and that said judgment was unsatisfied; that the deed was executed with intent to hinder, delay, and defraud the creditors of Ada Pearl Rogers Pittman, including Frances Pittman Hazle. Plaintiffs alleged that the will was executed only four days prior to the date of the quitclaim deed. Plaintiffs alleged the ownership of certain land and personal property in Stephens County by Roy Hill at the time of the execution of said will and at the date of his death; that under said will, upon the death of Roy Hill, there passed to Ada Pearl Rogers Pittman a one-half interest

in and to all of said property, subject to the payment of the debts of Roy Hill and the expenses of probating his will; that the pretended consideration for said deed was a naked promise to do something in the future which Willie McGriff might or might not do; that said promise of Willie McGriff to execute a will bequeathing and devising her separate property to her daughter was a promise wholly unexecuted, and at the time of the execution of said deed, none of said defendants intended that said promise would ever be performed; that the recital in said deed of "Other valuable consideration" was fictitious; that no consideration passed from Willie McGriff and no valuable consideration was ever intended to pass; that said recitals of consideration were inserted in the deed for the fraudulent purpose of attempting to show a valuable consideration for the purpose of defrauding the creditors of Ada Pearl Rogers Pittman, and especially the plaintiff, Frances Pittman Hazle; that said conveyance was a voluntary one, that is, without consideration, and made for the sole purpose of defrauding Mrs. Pittman's creditors, and especially Frances Pittman Hazle in the collection of her judgment, of which purpose Willie McGriff was fully cognizant when the deed was executed; that Ada Pearl Rogers Pittman had no other property out of which said judgment could be satisfied; that unless the property fraudulently assigned to Willie McGriff could be reached and applied to the satisfaction of said judgment, the judgment must remain wholly unsatisfied; that at the time of said pretended conveyance Mrs. Hazle's abstract of judgment was on file in the office of the County Clerk of Stephens County, and each of the defendants had "due and personal notice and knowledge of said judgment, and plaintiff by reason thereof, had acquired and has a preference lien on said lands and personal property." Plaintiffs prayed that said conveyance be adjudged fraudulent and void; that it be set aside and held for naught; that plaintiff's judgment lien be foreclosed and the land sold.

Willie McGriff filed a plea of privilege to be sued in Archer County where she resides. Plaintiffs filed a controverting affidavit in which it was alleged that the execution and delivery of said deed and the acceptance thereof by Willie McGriff were acts of fraud committed by each of said defendants in Stephens County in an effort by the Pittmans to convey and Willie McGriff to receive all of the property of Ada Pearl Rogers Pittman which she owned or would be entitled to receive under the terms of the will of her father, without leaving property subject to execution sufficient to satisfy Mrs. Hazle's judgment; that said conveyance was intended to defraud and to place the property beyond the reach of the creditors of Ada Pearl Rogers Pittman; that said deed was a voluntary conveyance, void under Arts. 3996 and 3997; that the acts of the defendants in executing, delivering, accepting, and recording said deed were committed by defendants in Stephens County and were acts of fraud; that said deed was prepared, executed, and acknowledged in Stephens County and filed for record there; and that at said time defendants had notice of the abstract of judgment in favor of the plaintiffs which was "then on file in the office of the County Clerk of Stephens County"; that said court had venue under Exception 7, Art. 1995. Plaintiffs' petition and the exhibits attached thereto were referred to and made a part of their controverting affidavit.

Plaintiffs further alleged in the controverting affidavit in detail that an abstract of judgment was filed with the County Clerk of Stephens County prior to the filing of the quitclaim deed to Willie McGriff; that said abstract of judgment and the filing thereof constituted a judgment lien on the property of Ada Pearl Rogers Pittman and that the deed to Willie McGriff was subject to said judgment lien; that plaintiffs' suit was not only a suit to set aside said conveyance, because fraudulent, but was a suit to establish a lien on the property of said defendant, to foreclose said lien and sell said property in Stephens County; and that the said court had venue thereof under Exception 12, Art. 1995. Plaintiffs also alleged that their suit was one to cancel, vacate, and set aside said deed to real estate in Stephens County, said deed being fraudulent and void under

the provisions of Arts. 3996 and 3997; that the acts of the defendants in executing, delivering, accepting, and recording said deed were fraudulent under the provisions of said articles "and being fraudulent, and this suit being a suit to cancel, set aside, and remove said deed as an encumbrance on the title to said land * * * said lands being situated in Stephens County * * * this court has venue of the cause of action and the defendants herein."

Plaintiffs alleged that Ada Pearl Rogers Pittman was insolvent; that at the time of the execution of the deed she had not acquired possession of the property devised to her under the terms of the will; that she expected to later acquire possession; that knowing the judgment against her was a valid subsisting judgment, and knowing that the property acquired by her under the will of her father would be subject to the satisfaction of said judgment, and knowing that Ada Pearl Rogers Pittman did not have in her possession property sufficient to satisfy said judgment, and for the purpose of hindering, delaying, and defrauding her creditors, especially Frances Pittman Hazle, defendants, the Pittmans, executed said deed to Willie McGriff; that said conveyance was a voluntary conveyance; that the acts of the defendants in executing, acknowledging, delivering, accepting and recording said deed constituted acts of fraud committed by defendants in Stephens County.

Upon a trial to the court, judgment was rendered overruling Willie McGriff's plea of privilege to be sued in Archer County, and she has appealed.

Appellant contends that on the date the deed was executed, Ada Pearl Rogers Pittman did not own such right in and title to the property attempted to be conveyed thereby as then could have been reached by execution, wherefore, no cause of action to set aside said deed as being in fraud of creditors existed, and, therefore, the plea of privilege should have been sustained. She further contends that because plaintiffs did not allege that the will of Roy Hill had been probated or that it was not necessary to sell the property devised to Ada Pearl Rogers Pittman to pay allowances, plaintiffs failed to allege a cause of action to set aside the deed as being in fraud of creditors. She further says that the property involved, being in the hands of the probate court, and (she contends) therefore not subject to execution, the plea should have been sustained.

■ We are of the opinion that the property was subject to execution. In Gregg v. First National Bank in Brownsville, Tex.Com.App., 26 S.W.2d 179, 181, the court said, "He possessed such an interest in the property as might be transferred by assignment, consequently it was subject to sale under execution." In Lozano v. Guerra, Tex.Civ.App., 140 S.W.2d 587, it was held that the undivided interest of a judgment debtor in an estate, although the will directed that the estate be kept intact under complete control of the executors for a period of time which had not elapsed, was a vested interest subject to sale under execution, subject to administration and the provisions of the will. Under the authorities of the cases cited and Jensen v. Wilkinson, Tex.Civ.App., 133 S.W. 2d 982, we overrule said contentions. We think the interest of Mrs. Pittman in said property was subject to execution and that a purchaser would stand in the shoes of the judgment debtor, Ada Pearl Rogers Pittman, with title subject to defeasance if probate of the will should be denied or if said property should be required to pay allowances or the debts of the deceased. The purchaser's right would also be subject to the right of possession by the executor, in accordance with the law and the terms of the will of Roy Hill. The undisputed evidence, however, is to the effect that the personal property is of sufficient value to pay all the debts of deceased. Art. 3314 provides that "when a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees * * * subject however, to the payment of the debts of the testator * * *." March v. Huyter, 50 Tex. 243, 253; Chubb v. Johnson, 11 Tex. 469, 475; Carroll v. Fidelity & Deposit Co. of Maryland, Tex.Civ.App., 107 S.W.2d 771(writ ref.); Smith v. Cros-

by, 86 Tex. 15, 23 S.W. 10, 40 Am.St.Rep. 818; 33 C.J.S., Executions, §§ 50, 101, pages 181, 254; Holt's Simkins Administration of Estates, p. 370, 540.

Hill's will provided that after the payment of debts he gave and devised to H. C. Brock "in trust and as trustee for my minor son, Dennis R. Hill, one-half of all of my estate real, personal, and mixed * * * and to my daughter Ada Pearl Pittman the other one-half of my estate * * *. My said trustee is here now authorized to manage and to handle all the properties passing to him hereunder in such manner as in his judgment may seem best * * *. My said trustee shall have power to execute all gas and mineral leases on any of the real estate remaining in his hands as trustee after a division of my estate as provided in this will."

He directed that his executor should, after the payment of debts, "divide all of my estate in two equal parts, and that he shall convey and deliver to my daughter, Ada Pearl Pittman one-half of said estate and hold the other one-half as trustee, for my minor son, Dennis R. Hill, under the conditions and terms of this will. In making said division my said executor shall be solely empowered to make the same and his judgment in making an equal distribution shall be final and his deed or other conveyances to my daughter, Ada Pearl Pittman, shall be in full and final settlement of all of my estate to which she may be entitled under this my will."

"I direct that my trustee, H. C. Brock, shall take charge of the one-half of my estate herein willed to him as trustee for the use and benefit of my son, Dennis R. Hill, and to manage and control and dispose of the same in such manner as he may see fit for the use and benefit of said minor."

"When my minor son, Dennis R. Hill, shall have reached the age of twenty-one (21) years, I direct that my trustee shall turn over and convey to him all of the property remaining in his hands as trustee and belonging to said minor under the terms of this will."

"Should my son, Dennis R. Hill, die before reaching the age of twenty-one (21) years, I give and bequeath to my daughter, Ada Pearl Pittman, all of the remaining portion of my estate, real, personal, and mixed, and of every character and kind wherever situated and however acquired, and direct that my trustee shall immediately turn the balance of the trust estate herein set up under this will over to her."

■ Appellant contends that Mrs Pittman's interest was not subject to execution for the further reason that it was conveyed in trust to Brock. We do not so construe the will. Only the interest of Dennis Hill was placed in trust.

■ We sustain appellants' contention that this is not a suit for the recovery of land, or to remove an encumbrance on the title to land within the meaning of Exception 14, Art. 1995, which provides that such suits must be brought in the county where the land lies. 20 Tex.Jur. 475; Miller v. Matthews, Tex.Civ.App., 176 S. W.2d 1011, 1015; Eckert v. Wendel, 120 Tex. 618, 622, 40 S.W.2d 796, 76 A.L.R. 855.

■ We also agree with the appellant that Mrs. Hazle had no judgment lien on the land involved and that the plea of privilege should not have been overruled on the theory that the suit is one to foreclose a lien on land in Stephens County. No lien could have been acquired prior to the time that an abstract of judgment lien had been both recorded and indexed in Stephens County. Belbaze v. Ratto, 69 Tex. 636, 7 S.W. 501; Nye v. Moody, 70 Tex. 434, 8 S.W. 606; Hirt v. Werneburg, Tex.Civ.App., 191 S.W. 711; McGlothlin v. Coody, Tex.Civ.App., 39 S.W.2d 133; 26 Tex.Jur. 358. The suit was not maintainable in Stephens County under exception 12, Art. 1995, which provides that a suit for foreclosure of a lien may be brought in the county where the property "subject to such lien" is situated. Said exception required proof by Mrs. Hazle that she had a lien on the land conveyed to Willie McGriff. Ruwaldt v. Mohawk Drilling Co., Tex.Civ.App., 195 S.W.2d 855. The deed to Willie McGriff and the abstract of judgment lien being filed with the County Clerk of Stephens County at the same moment, the abstract

of judgment could not have been recorded and indexed when the deed was delivered to the clerk, and until the abstract of judgment was recorded and indexed, there was no judgment lien. Art. 5449; Askey v. Power, Tex.Com.App., 36 S.W.2d 446, 447.

 Apellant contends because the husband of Willie McGriff was not made a party defendant (the evidence showing that she was a màrried woman) that appellees failed to make out a case against her, and the plea of privilege should have been sustained. We think that failure to join the husband as a party defendant is not controlling on the question of venue. There was no pleading showing Willie McGriff was a married woman. The defense of coverture must be pleaded by her if relied on. Such a defense to the merits of a suit is personal to the wife and may be waived by failure to assert it. Leake v. Saunders, 126 Tex. 69, 84 S.W.2d 993, 994; Gamel v. City National Bank, Tex. Com.App., 258 S.W. 1043; 23 Tex.Jur. 233. Such a defense, even if pleaded, could not be considered on the trial of the plea of privilege. It may affect the merits but not the venue issue. Thomason v. Haskell National Bank, Tex.Civ.App., 56 S.W.2d 242, 243; Hess v. Young, Tex.Civ. App., 160 S.W.2d 574, 575; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W. 2d 810, 811.

 No findings of fact or conclusions of law having been filed or requested, it is incumbent upon appellant to show (since we cannot know upon what exception to Art. 1995 the court based its judgment overruling appellants' plea of privilege) that no exception is applicable to the facts of this case. Furthermore, if there is evidence to support a presumed finding of the court that any exception to said article is applicable, this court is required to accept said evidence as true and sustain the finding of the trial court.

We have come to the conclusion that appellant has sustained that burden unless the case may be maintained in Stephens County under Exception 7, Art. 1995, which provides that suit may be brought "in the county [where] the fraud. was committed." The testimony as to fraud is meager, and necessarily so. If defendants fraudulently conspired to execute and deliver a deed from the daughter to her mother for the purpose of avoiding payment of Mrs. Hazle's judgment, appellees were relegated to proof of the circumstances surrounding execution and delivery of the deed, in the absence of evidence from defendants from which such a conclusion might be drawn. Some of the acts of the defendants, according to the decision of our courts, constitute "badges of fraud." See 20 Tex.Jur. 519 et seq. Within a few hours after the death of Roy Hill the parties were in Stephens County, and Troy Pittman caused a deed to be there prepared conveying everything which the judgment debtor could acquire under the will of her father. Such conveyance left said judgment debtor without any property. The deed was speedily executed and filed with the Clerk of the Court of Stephens County for record. No consideration was then actually paid by the grantee in the deed. According to the terms of the deed, the only consideration to be thereafter paid by the mother, the grantee, to the daughter, the judgment debtor-grantor, was that when the grantee died, she would leave a will conveying her separate estate to her daughter. The evidence indicates that it was a race between the defendants and the plaintiffs for the Clerk's office, to which defendants hurried to record their deed and the plaintiffs to record their abstract of judgment. The race resulted in a tie, which deprived the plaintiffs of a judgment lien. Neither Willie McGriff nor the judgment debtor, Ada Pearl Rogers Pittman, according to the testimony of Troy Pittman, went to the attorney's office or instructed him as to the terms of the deed or the consideration therefor. There is nothing in the record indicating that the property was needed for the mother's support. The record shows the grantee already owned separate property and that the grantor (and judgment debtor) owned no property. Neither Mrs. Pittman nor Mrs. McGriff were present at the trial of the case. Troy Pittman alone of the defendants was present. He was called by the plaintiff and testified that he never talked to Willie McGriff

about the execution of the deed or the reason therefor and never heard a conversation between his wife and her mother about the deed. He testified that there was no consideration for the deed until reminded by his counsel of the consideration recited in the deed. The only explanation he attempts to give for execution of the deed and for the fact that it was hastily prepared, executed, and recorded from the daughter to the mother on the day after the death of Roy Hill was that they wanted to avoid any dealings between his wife and the woman who shot her father. He testified that at the time of the trial Willie McGriff had executed the will.

We will assume, without deciding, that the evidence is insufficient to sustain a finding by the trial court that there was no consideration for the deed. Under such an assumption, if the trial court's judgment is to be sustained, it is required that there be evidence from which the trial court could, and presumably did, find that the deed was executed by Mrs. Pittman for the purpose of defrauding Mrs. Hazle and that Willie McGriff, the grantee, knew of such fraudulent intent or had notice of such facts as would have put a reasonably prudent person upon inquiry, which inquiry, if pursued, would have led to such knowledge. Sanger Bros. v. Colbert, 84 Tex. 668, 673, 19 S.W. 863; 20 Tex.Jur. 405; Art. 3996; Art. 1995, Subd. 7. The testimony shows that the parties were not only mother and daughter but that they were frequently together. Troy Pittman said he knew of the judgment but did not know whether or not his wife had paid it. It is inconceivable that the mother would not have known of the judgment against her daughter in such a case. They knew that the will could be thereafter executed or not as they desired, and that if executed, it could be revoked by Mrs. McGriff when she wished. The speed with which they moved in executing the deed from daughter to mother, whereby the daughter conveyed all she had to her mother, who already owned separate property, immediately following the death of Roy Hill, through whose will she acquired the property, strongly indicates the intent of all defendants to put the property out of the reach of creditors. See 20 Tex. Jur. 410; Leon & H. Blum v. Simpson, 66 Tex. 84, 87, 17 S.W. 402; 32 L.R.A. 44; Horsley v. Phillips, Tex.Civ.App., 126 S.W. 2d 703, 705; O'Banion v. Henry, 128 Tex. 59, 64, 96 S.W.2d 233; Paddock v. Jackson, 16 Tex.Civ.App. 655, 41 S.W. 700 (Writ Ref.) After a most careful consideration of the entire record, we are of the opinion that there was sufficient evidence from which the trial court could have, and presumably did, so find.

The judgment is affirmed.