TIME SECURITIES, Appellant,

v.

Dorothy Fitzhugh WEST et al., Appellees.

No. 13452.

Court of Civil Appeals of Texas.

San Antonio.

May 6, 1959.

Rehearing Denied June 3, 1959.

**584**

Nye & Cohn, Pat Morris, Corpus Christi, for appellant.

Morriss, Morriss, Boatwright & Lewis, San Antonio, for appellee.

POPE, Justice.

Dorothy Fitzhugh West, the widow of Vance West, petitioned the trial court to grant a permanent injunction against Time Securities, a corporation, enjoining it from enforcing a judgment against certain real estate in Live Oak County. The trial court granted the injunction.

Vance West was the devisee of certain lands under the will of his father, A. W. West, Sr. Vance West is now deceased. Time Securities held a judgment against Vance West in the sum of $10,948.58, and the Sheriff of Live Oak County, upon issuance of execution, levied upon 1920 acres of Live Oak County lands. Dorothy Fitzhugh West contends that under the will of A. W. West, Sr., the property was devised

in trust until June 2, 1961. The question presented by this appeal is whether upon the death of testator, A. W. West, Sr., the property vested in his son Vance West or in trust until June 2, 1961. We must first construe the will and then determine whether the will vested the title in Vance West or in a trustee.

A. W. West, Sr., testator, died on June 2, 1957. His will was probated. Omitting those portions of the will which relate to devises and bequests to other persons, testator, in paragraph IV of the will, stated what he intended to leave Vance West, and provided:

"I give, devise and bequeath to my son Vance West, the following described property: * * *

"2. All the following described real estate situated in Live Oak County, Texas, and being all out of my separate estate, excepting, however, from this bequest all oil, gas and other minerals in and under said land:"

Testator then described the 1920 acres of land which is the land upon which the sheriff made the levy.

Testator named the Frost National Bank of San Antonio, Texas, independent executor without bond. With respect to the surface estate, a trustee is not named, except that in paragraph XV of the will he provided:

"I direct that the Executor and Trustee shall hold and preserve the surface estate herein devised (except the homestead above mentioned) for a period of four years from the date of my death and direct that such surface estate shall not be sold during such period unless necessary for the payment of debts owing by my estate. I further direct, however, that the devisees of such surface estate shall have full and free use thereof during said four-year period and shall have full authority and power to manage, operate, lease and control the use of the same as they shall see fit, provided that they shall not have power to mortgage, encumber or alienate the same and that said surface estate shall not be liable to any indebtedness, judgment, legal process, execution, charge, levy or encumbrance attempted by the devisees or by others against the devisees and shall not be affected by any transfer, assignment, conveyance, sale, pledge, mortgage, encumbrance, account, whether voluntary or involuntary, anticipatory or otherwise, of or to the beneficiaries. The Executor, however, is authorized and directed to pay all taxes during such four-year period from any available income of my estate, charging each owner with the amount paid on his share."

After disposing of the surface estate, the testator, commencing with paragraph XVII of the will, then gave, devised and bequeathed "all mineral interests owned by my estate, wheresoever located, but in trust, to the Frost National Bank of San Antonio, Texas, as Trustee," for certain persons. The powers of the trustee are then stated in the succeeding paragraphs of the will.

Looking at the structure of the will, it appears that the testator intended to devise his surface estate and his mineral estate in different ways. In paragraph IV, he clearly, directly and expressly gave, devised and bequeathed the surface estate to his son Vance West, but specifically excepted the minerals. Not until he came to the disposition of his minerals, in paragraph XVII, did he devise any property in trust to Frost National Bank of San Antonio, Texas, and that was a devise of the minerals only. With respect to the surface estate he named an independent executor, but no trustee. With respect to the minerals he created a trust. Had the testator intended that the surface estate be devised in trust, rather than to Vance West, he would have had no reason to treat the

surface any differently than the minerals. In our opinion, the testator has told us what he intended.

■ Frost National Bank was designated in the will, both as executor and as trustee, but the offices are distinct and different. Jackson v. Templin, Tex.Com.App., 66 S.W.2d 666, 670, 92 A.L.R. 873. One may possess the powers of an executor without possessing all the powers of a trustee, and because one is trustee over some, it does not follow that he is trustee over all property. When the testator died, by force of Paragraph IV of his will, the surface to the 1920 acres in question then vested in his son Vance West, and the minerals vested in the trustee. "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees; * * * subject, however, to the payment of the debts of the testator or intestate, except such as is exempted by law; * * * but upon the issuance of letters testamentary or of administration upon any such estate, the executor or administrator shall have the right to possession of the estate as it existed at the death of the testator or intestate, with the exception aforesaid; and he shall recover possession of and hold such estate in trust to be disposed of in accordance with law." Vernon's Ann.Tex.Stats., Probate Code, § 37.

■ Paragraph XV, in stating that the executor should "hold and preserve" the surface estate for four years, did not establish a trust, but merely stated what § 37 of the Probate Code provides, that is, that the executor will "hold" the estate during administration. The Trust Act is also helpful. Article 7425b–5, Vernon's Ann.Tex.Civ.Stats., provides that he who is entitled to the actual possession of real property, and the receipts of the rents and profits is deemed to have a legal estate of the same quality, extent, and duration and subject to the same conditions as his beneficial interest. We conclude, therefore, that the will vested the property directly

in Vance West. Gregg v. First Nat. Bank, Tex.Com.App., 26 S.W.2d 179; Lozano v. Guerra, Tex.Civ.App., 140 S.W.2d 587; Sewell v. Taylor, Tex.Civ.App., 224 S.W. 530. This was a legal title and not an equitable title. Long v. Long, Tex.Civ.App., 252 S.W.2d 235, 247; McCamey v. Hollister Oil Co., Tex.Civ.App., 241 S.W. 689, 695, affirmed 115 Tex. 49, 274 S.W. 562.

Paragraph XV purported to limit the title which was devised by paragraph IV. However, it directs that the owner of the surface, Vance West, shall have full and free use, with the power to manage, operate, lease and control it as he sees fit. Then it prohibits the devisee, not the executor, from alienating or mortgaging the land for a period of four years. It states that the land will be wholly immune from all of the devisee's creditors for a period of four years. Vance West thus would receive all the fruits and suffer none of the perils of fee ownership. We are here concerned only with the provisions which would immunize the Vance West property from execution.

■ A testator who seeks to devise property so that the devisee's creditors may not reach it, must devise it to someone else. This is accomplished by the creation of a trust. Adams v. Williams, Tex.Com.App., 112 Tex. 469, 248 S.W. 673; Caples v. Buell, Tex.Com.App., 243 S.W. 1066; 18 Tex.Jur., Executions, § 15. The mere testamentary declaration that the rights of a devisee's creditors shall be suspended with respect to property vested in the debtor has never been permitted.

■ We conclude that the will vested the legal fee title in the surface of the 1920 acres in Vance West and it was subject to execution. Gregg v. First National Bank, Tex.Com.App., 26 S.W.2d 179; Chase v. York County Savings Bank, 89 Tex. 316, 36 S.W. 406, 32 L.R.A. 785; McGriff v. Hazle, Tex.Civ.App., 201 S.W.2d 92; Jensen v. Wilkinson, Tex.Civ.App., 133 S.W. 2d 982; Sewell v. Taylor, Tex.Civ.App.,

224 S.W. 530. The fact that the estate is still being administered by the executor does not defeat the rights of creditors to enforce their judgments. A purchaser, however, must take subject to payment of the debts of the testator and subject to the administration. Carroll v. Fidelity & Deposit Co. of Maryland, Tex.Civ.App., 107 S.W.2d 771; Diamond v. Rotan, 58 Tex. Civ.App. 263, 124 S.W. 196; Hahn v. P. J. Willis & Bro., 31 Tex.Civ.App. 643, 73 S. W. 1084. The respective rights of a purchaser at an execution sale and the independent executor pending administration, were discussed rather fully by this Court in Lozano v. Guerra, Tex.Civ.App., 140 S.W.2d 587.

The judgment is reversed and rendered, dissolving the permanent injunction.