Dorothy Borchers PLOEGER, Guardian et al., Appellants,

v.

HUMBLE OIL AND REFINING COMPANY, Appellee.

No. 4171.

Court of Civil Appeals of Texas.

Eastland.

June 2, 1967.

Rehearing Denied June 23, 1967.

**554**

Miller, Vollentine & Miller, W. T. Miller, Gonzales, for appellants.

James K. Wilson, Houston, for appellee.

COLLINGS, Justice.

Dorothy Borchers Ploeger, as guardian for her minor children, and two of her children who have obtained their majority, brought suit against Humble Oil and Refining Company for damages alleged to have been sustained by them by reason of the defendant's refusal to release three oil, gas and mineral leases which plaintiffs allege terminated for failure to properly pay delay rentals. Both parties moved for summary judgment, plaintiffs' motion being limited to the question of defendant's liability. Judgment was rendered for de-fendant, Humble, on its motion, and plaintiffs have appealed.

In appellants' first and second points it is urged that the court erred in granting summary judgment for appellee, Humble, and in not rendering judgment for appellants because appellants contend the affidavits and other documents on file conclusively establish that the leases in question lapsed by reason of appellee's failure to pay delay rentals to appellants and that appellee was thereafter liable for any damages resulting to appellants from its failure and refusal to release such leases after being requested to do so. Appellants assert in their third point that under the undisputed facts none of the grounds alleged in appellee's motion for summary judgment, that is, the fact that the Borchers' estate was not closed, estoppel, ratification and ambiguity, excuse appellee's failure to timely pay delay rentals to appellants as the persons legally entitled thereto or support a summary judgment for appellee.

The material uncontroverted facts of the case are as follows:

On January 27, 1960, O. R. Borchers and wife Vivian Borchers as lessors executed the three oil, gas and mineral leases in question in favor of Humble Oil and Refining Company each being for a primary term of five years, covering certain properties in Jackson County. O. R. Borchers made a contract with Dorothy Borchers Ploeger by which he agreed to devise by last will and testament the property in question (together with other lands) to the children of Dorothy Borchers, Ploeger, both born and unborn. Thereafter on August 5, 1962, O. R. Borchers died vested with title to the lands covered by the leases in question, subject to said leases. The lands covered by said leases were devised by O. R. Borchers' will to Dr. Charles L. Borchers and William Borchers, Jr., trustees for the children of Dorothy Borchers Ploeger, both born and unborn. Dorothy Borchers Ploeger, in behalf of her children, brought suit in the District Court of Lavaca County on the

contract to will, naming her stepmother, Vivian Borchers, and the executor and trustees named in her father's will as defendants. Qn March 8, 1963, the District Court of Lavaca County rendered judgment that appellants Dorothy Borchers, on behalf of her minor children, and her other children "do have and recover of and from the defendants Vivian Borchers, William Borchers and Charles L. Borchers, individually and as independent executors of the will and estate of O. R. Borchers, deceased, and as trustees under the trust created by and under the last will and testament of O. R. Borchers, deceased, the title and possession—" to the mineral property in question subject to said leases. The judgment also provides as follows:

"The Court futher finds and accordingly adjudges that the trust created by and under the terms of Item Sixth of said Will is valid and that title to said trust estate has vested in the beneficiaries subject to the terms of said Will and this judgment and said Will and trust is not within the rule against perpetuities."

The Lavaca County judgment also set out the powers and duties of the trustees in detail.

Thereafter Mrs. Ploeger by letter advised appellee that title and possession of the mineral properties in question had passed to her children, furnishing appellee with letters of guardianship, a certified copy of the probate proceedings had on the estate of O. R. Borchers, and a certified copy of the Lavaca County judgment. After receipt of the Lavaca County judgment appellee, on advice of counsel, set up its records to show that delay rentals under the three leases should be paid to Dr. Charles L. Borchers and William H. Borchers as independent executors and trustees of the estate of O. R. Borchers, deceased.

It has been stipulated that the leases in question were in full force and effect from the date of delivery through January 27, 1964, the date the delay rental payments in question were to be made under the terms of each of said leases. No drilling operations were being conducted by Humble which would obviate the necessity of such delay rental payments if such leases were to be maintained.

It has also been stipulated that delay rental payments to cover the period from January 27, 1964, to January 27, 1965, were made by Humble under each of the three leases to the credit of Dr. Charles L. Borchers and William H. Borchers, independent executors and trustees of the Estate of O. R. Borchers, deceased, in the Yoakum National Bank, Yoakum, Texas (the depository bank named in each of the three leases in question) by three checks each dated January 9, 1964, each of which checks were endorsed by Yoakum National Bank, Yoakum, Texas on January 11, 1964, and each of which was promptly transmitted by it through banking channels where each was duly honored and paid upon presentment on January 13, 1964.

Each of the leases contained the following provisions:

"The rights of either party hereunder may be assigned in whole or in part, and the provisions hereof shall extend to their heirs, successors and assigns; but no change or division in ownership of the land, rentals, or royalties, however accomplished, shall operate to enlarge the obligations or diminish the rights of lessee; and no change or division in such ownership shall be binding on lessee until thirty (30) days after lessee shall have been furnished by registered U.S. Mail at lessee's principal place of business with a certified copy of recorded instrument or instruments evidencing same.—

In the event of the death of any person entitled to rentals hereunder, lessee may pay or tender such rentals to the credit of the deceased or the estate of the deceased until such time as lessee is

furnished with proper evidence of the appointment and qualification of an executor or administrator of the estate, or if there be none, then until lessee is furnished with evidence satisfactory to it as to the heirs or devisees of the deceased and that all debts of the estate have been paid."

Appellants acquire their interest in the lands in question through the estate of O. R. Borchers, deceased, and the Lavaca County judgment. The estate of O. R. Borchers, deceased, at least until May 25, 1966, was still open and had not, as of that time, been closed, although on such date application to close said estate was filed in Lavaca County. No proof that all debts of the estate of O. R. Borchers, deceased, had been paid was furnished to Humble prior to the January 27, 1964 rental date, nor could such information have been furnished because the inheritance taxes for the estate of O. R. Borchers in the amount of $14,978 were not paid until May 10, 1965.

Appellants were in effect advised by a letter of Humble dated October 11, 1963 that Humble was going to pay the January 27, 1964, delay rentals under the leases to the estate of O. R. Borchers, deceased and appellants never advised appellee prior to such payment or prior to January 27, 1964, (the delay rental date in question) that they would take issue with such a payment. After the delay rentals had been paid as aforesaid and after the delay rental date Mrs. Ploeger, through her attorney, advised appellee that delay rentals had not been timely paid, and by letters dated respectively February 12, 1964 and May 21, 1964, requested releases of the leases in question. The second letter advised appellee of an opportunity to lease said property for a substantial bonus and advised appellee that it would be held liable for resulting damages if appellee did not furnish releases. Humble by letter dated June 9, 1964 advised that while it disagreed with appellants' position that the rentals had been improperly paid, nevertheless, it enclosed three (3) additional delay rental checks representing an over-payment of such delay rentals, stating that such payment was made in keeping with appellee's policy "of maintaining good relations" with their lessors. Although the checks were not cashed, appellants, through their attorneys, retained possession of each of said checks until May 31, 1966, the date of the taking of Dorothy Borchers Ploeger's deposition, at which time appellants' attorney attempted to return same to Humble's attorney which tender was refused. On December 18, 1964, Humble released the three (3) leases in question, said release having been filed for record in Jackson County, Texas on December 23, 1964.

Appellants urge that the Lavaca County judgment vested title to the leases in question in them free of the trust; that they and they alone were entitled to receive delay rental payments, and that it is undisputed that Humble did not timely make such rental payments to them. Appellants contend that, therefore, the leases lapsed and the failure and refusal of Humble to release said leases made them liable to appellants for the damages occasioned by such refusal. Humble contends that the Lavaca County judgment vests beneficial title in appellants, but vests legal title in the trustees, to whom delay rental payments were properly made. In reply to appellants' points Humble asserts that the court did not err in granting its motion for summary judgment and denying plaintiffs' motion therefor because the undisputed facts establish as a matter of law that the three (3) oil, gas and mineral leases were maintained in force (until released by Humble) by timely and proper delay rental payments made by Humble, or that appellants, because of their conduct and the conduct of their legal representatives, should not now be heard to say the three (3) leases terminated prior to the time they were released by Humble, or that the judgment furnished to Humble (which plaintiffs say required that delay rental payments thereafter made may

be made only to them) was an ambiguous instrument, and that an oil, gas and mineral lessee is not required to construe an ambiguous instrument, to which it is not a party, at its peril.

The Lavaca County judgment did provide that appellants, plaintiffs therein, recover from the trustees and executors under the will of O. R. Borchers, deceased, the title and possession of the property in question. However, the judgment also found and provided that: "—the trust created by and under the terms of—said will is valid and that title to said trust estate has vested in the beneficiaries subject to the terms of said will—." Humble construed the judgment as establishing a testamentary trust, and that appellants' title was a beneficial title with legal title vested in the trustees, and paid the delay rentals to the executors and trustees of the estate. The judgment, in our opinion, must be considered as ambiguous in the respect indicated. In such cases it is held that a lessee's obligation under a lease should not be increased by being required to construe an ambiguous instrument at its peril. Humble Oil and Refining Company v. Harrison, 146 Tex. 216, 205 S.W.2d 355 (1947). It was also held in the Harrison case that where rental payments are timely made in reliance upon such a construction of an ambiguous instrument and the lessor fails to notify the lessee before the rental due date that the payment was objectionable, the lessee is estopped to assert that the lease is terminated. We hold under the facts of this case that appellants are estopped to assert termination of the leases involved.

Regardless of the effect of the Lavaca County court judgment concerning the legal title to the leases in question the estate of O. R. Borcher, deceased, was, at all times material, still being administered in the Probate Court and it was subject to the debts of the testator and the estate. The District Court judgment did not have the effect of removing the properties in question from such administration. V.A.T.S. Probate Code, Section 37; Time Securities v. West, 324 S.W.2d 583 (CCA 1959, N.R.E.); Casey v. Kelley, 185 S.W.2d 492 (CCA 1945, writ ref.); O'Neil v. Norton, 29 S.W.2d 1060 (Tex.Com.App., 1930); Milner v. Whatley, 282 S.W.2d 903 (CCA 1955, N.R.E.); Redditt v. Quinn, 215 S.W.2d 367, (CCA, 1948, N.R.E.). There was no proof of payment of the debts of the estate and advice to Humble of such payment prior to the rental payment date of January 27, 1964. Timely and proper payments of delay rentals were made to the trustee and executors of the estate. Under the lease contracts in question and the facts shown Humble was entitled to maintain the leases in effect by such rental payments to the trustees and executors of the Borchers estate.

Appellants' points are overruled. The judgment is affirmed.