Arthur Keller BOURNE, III, Appellant,

v.

Patricia Carlene BOURNE, Appellee.

No. 16942.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Nov. 10, 1977.

Rehearing Denied Dec. 8, 1977.

Thomas W. Moore, George D. Neal, Houston, for appellant.

Vern J. Thrower, K. D. Keenan, Houston, for appellee.

EVANS, Justice.

This is an appeal from a divorce decree. The sole issue is whether the trial court erred in awarding a 4.15 carat marquise cut diamond stone to Mrs. Bourne.

The diamond stone in question, then in its original mounting, had belonged to Mr. Bourne's grandmother, Ethel Hollins

Bourne, who died in New York. In October 1974, Mr. Bourne, as administrator of his grandmother's estate pending in the Surrogate's Court of Suffolk County, New York, caused the ring and other items of jewelry to be withdrawn from a custodian account in a New York bank and sent to him in Texas. After his engagement to Mrs. Bourne, but prior to their marriage in June 1975, he delivered possession of the ring to her, and she took the ring to a jeweler who mounted the stone in a new setting.

The trial court found that Mr. Bourne had made a gift of the ring to Mrs. Bourne, that he owned a 28⅓% interest in the diamond stone, and that Mrs. Bourne was entitled to the ring mounting and to Mr. Bourne's 28⅓% interest in the diamond stone. The trial court concluded that since the ring had been a gift to Mrs. Bourne, she owned the ring "free and clear of all claims including attorney's fees, inheritance or state taxes, and all claims of any nature", but in its decree the trial court provided that the ring was to remain in the safe deposit box for a period of one year, subject to withdrawal upon order of the court or the Probate Court of Harris County, where ancillary administration proceedings had been filed in the estate of Ethel Hollins Bourne, deceased. The trial court's decree further provided that Mrs. Bourne's attorney might remove the ring for the purpose of having the stone removed from the mounting, but that the stone should then be returned to the safety deposit box, and that after the expiration of the one year period, Mrs. Bourne might have possession of the ring unless ownership had been otherwise established.

It is Mr. Bourne's contention that the trial court did not have jurisdiction to determine his ownership in the diamond stone or to award his interest in the stone to Mrs. Bourne. He argues that the stone constituted an asset of his grandmother's estate and that the beneficiaries of her estate were indispensible to any such determination and award.

The record contains authenticated copies of the proceedings in the Surrogate's Court of Suffolk County, New York and in the Probate Court of Harris County, Texas, evidencing the pendency of administration proceedings with respect to the decedent's estate. The 1974 final accounting filed by Mr. Bourne in the New York proceedings indicates Mr. Bourne's share in the decedent's estate to be 28⅓% and proposes that the ring in question, together with other miscellaneous items of property "be divided in kind." According to Mr. Bourne's testimony, administration was still pending at the time of the divorce hearing and the assets of the estate had not been distributed.

The title of Ethel Hollins Bourne, deceased, passed to the beneficiaries of her estate immediately upon her death. *Welch v. Trustees of Robert A. Welch Foundation*, 465 S.W.2d 195 (Tex.Civ.App.–Houston [1st Dist.] 1971, writ ref'd n. r. e.). The fact that her estate was being administered in the probate court did not defeat the trial court's authority to make an award of Mr. Bourne's interest to Mrs. Bourne. *Time Securities v. West*, 324 S.W.2d 583 (Tex.Civ. App.–San Antonio 1959, writ ref'd n. r. e.). His undivided interest in his grandmother's estate was a property interest which was subject to the debts and claims against his estate. *Lozano v. Guerra*, 140 S.W.2d 587 (Tex.Civ.App.–San Antonio 1940, no writ); *McGriff v. Hazle*, 201 S.W.2d 92 (Tex.Civ. App.–Eastland 1947, no writ); *Littlefield v. Ungren*, 206 S.W.2d 152 (Tex.Civ.App.– Eastland 1947, writ ref'd n. r. e.). The trial court properly determined and considered all the respective property interests which constituted the parties' marital estate. Section 3.63, Texas Family Code. In its decree it recognized that Mr. Bourne's interest in the diamond stone was less than the entire interest, and its decree appropriately provided a time period within which the beneficiaries of the decedent's estate might assert a claim to the diamond stone. *Smyth v. Smyth*, 198 Okl. 478, 179 P.2d 920 (1947); *Trowbridge v. Trowbridge*, 16 Wis.2d 176, 114 N.W.2d 129 (1962).

Mr. Bourne appeared only in his individual capacity in the divorce proceed-

ings, and the beneficiaries were not named as parties to the divorce action. The fact that the beneficiaries were not parties to the divorce action did not deprive the trial court of its jurisdiction to determine the Bournes' respective interests in the diamond stone and to order an appropriate disposition of that property. The trial court was required only to determine the extent to which the beneficiaries might be prejudiced by its decree and to shape its decree in such manner as to provide adequate protection for such claims as might be asserted by the beneficiaries of the decedent's estate. Rule 39, Tex.R.Civ.P.; *Cooper v. Texas Gulf Industries, Inc.,* 513 S.W.2d 200 (Tex.1974). *Williams v. Saxon,* 521 S.W.2d 88 (Tex.Civ.App.–San Antonio 1975, no writ). Mr. Bourne's first five points of error are denied.

 Mr. Bourne next contends that the uncontroverted evidence established as a matter of law that he made no gift of the diamond ring to Mrs. Bourne. In reviewing this point, the evidence must be considered in the light most favorable to the trial court's judgment. *McDuff v. Howard,* 430 S.W.2d 953 (Tex.Civ.App.–Amarillo 1968, writ ref'd n. r. e.). Mrs. Bourne testified that Mr. Bourne gave her the ring as an engagement ring prior to their marriage, and her testimony is corroborated by other witnesses who testified on her behalf. She testified that at the time Mr. Bourne gave her the ring it was in an old and worn setting and that he told her he had purchased the ring from his grandmother's estate for the sum of $1,600.00. She stated that in reliance upon his representation, she took the ring to a jeweler and had the stone remounted in a new setting at a cost of $1,900.00; that Mr. Bourne had thereafter made payments totalling $1,300.00 in reduction of that expense. Mr. Bourne's undivided interest in the ring is undisputed, and he was entitled to make a gift to Mrs. Bourne of such interest as he owned in the ring. Under the evidence presented, the trial court's factual determination that the ring was a gift by Mr. Bourne to Mrs. Bourne must be sustained.

In his last point of error Mr. Bourne contends that the trial court erred in refusing to make certain findings of fact and conclusions of law which were requested by him. This point must also be denied. All of the requested findings were effectively determined by the findings and conclusions made by the trial court. *Great American Reserve Ins. Co. v. Sumner,* 464 S.W.2d 212 (Tex.Civ.App.–Tyler 1971, writ ref'd n. r. e.); *Wentz v. Hancock,* 236 S.W.2d 175 (Tex.Civ.App.–Austin 1951, writ ref'd).

The trial court's judgment is affirmed.