**PERFECT UNION LODGE NO. 10, OF SAN ANTONIO, A.F. & A.M., and Travis M. Moursund, Independent Executor of the Estate of Anderson H. Lumpkin, Deceased, Appellants,**

v.

**INTERFIRST BANK OF SAN ANTONIO, N.A., Guardian of the Estate of Cornelia W. Lumpkin, an Incompetent Person, Appellee.**

No. 04–85–00137–CV.

Court of Appeals of Texas,
San Antonio.

June 30, 1986.

Rehearing Denied July 31, 1986.

Elwood Cluck, Joe Frazier Brown, Sr., Morris W. Yates, San Antonio, for appellants.

Richard Tinsman, Allan Paterson, San Antonio, for appellee.

## OPINION

Before CADENA, C.J., and ESQUIVEL and TIJERINA, JJ.

CADENA, Chief Justice.

Defendants, Travis M. Moursund and Perfect Union Lodge No. 10, appeal from an order of the Probate Court construing certain provisions of the will of Anderson H. Lumpkin as creating a testamentary trust and ordering the trustee, Moursund, to:

1.  sell certain real property which the court found had become underproductive and to distribute to the guardian of the estate of Cornelia W. Lumpkin, the life beneficiary of the trust, the share of the net proceeds of the sale which she, as income beneficiary, is entitled to receive under the provisions of TEX.TRUST CODE ANN. § 113.110 (Vernon 1984), using June 1, 1975, as the date on which the duty to sell the underproductive land arose;

2.  invest the remaining funds in an appropriate investment, considering both the needs of Cornelia W. Lumpkin guardianship estate and Perfect Union Lodge, the remainderman, and pay all income to the guardian of the estate of Cornelia W. Lumpkin;

3. transfer the principal to Perfect Union Lodge as soon as practicable after the death of Cornelia W. Lumpkin.

The Probate Court had jurisdiction of the subject matter of this suit, since the case is one involving the construction of a will and the interpretation and administration of testamentary trusts. TEX.PROB.CODE ANN. § 5A(b) (Vernon Supp.1986).

■ We overrule defendants' contention that the court below lacked jurisdiction because no citation was served on defendants. The plea to the jurisdiction of the Probate Court challenged only that court's jurisdiction over the subject matter. Such plea contained no mention of a defect in service. The appearance and answer to plaintiff's pleadings effectively waived the defects in service, if any. TEX.R.CIV.P. 121.

■ The argument that the court erred in construing the will as creating a testamentary trust is without merit. The will leaves the estate to the testator's wife, Cornelia W. Lumpkin, for life, with the remainder to Perfect Union Lodge. This disposition is followed by language providing that the estate would be handled, during the life of Cornelia, "by the executors" named in the will, who are given all the powers of Trustees under the Texas Trust Act, including the complete power to "manage, sell, mortgage, invest and reinvest."

■ In determining whether provisions in a will create a testamentary trust, the fact that the will speaks of an "executor" rather than a "trustee" is far from determinative. As early as 1887 our Supreme Court recognized that a trust will be recognized and enforced if the language of the testator creates an obligation, the subject to which the obligation exists is certain, and the person intended to be the beneficiary of the trust is identified with certain-

ty. *McMurray v. Stanley,* 69 Tex. 227, 6 S.W. 412, 416 (1887). This language is quoted with approval in *Unthank v. Rippstein,* 386 S.W.2d 134, 136 (Tex.1964). The fact that the will in *McMurray* did not use the word "trustee" did not prevent the Court from concluding that the language which it was construing created a trust.[1]

The will in this case clearly imposes on Moursund an obligation to manage and control the property during the lifetime of the widow of the testator. The subject to which the obligation relates is clearly identified. The language leaves no doubt that Cornelia W. Lumpkin is intended to be the beneficiary of the trust.

Under the requirements set forth in *McMurray,* the court below correctly construed the will as creating a testamentary trust. *See also, Gonzalez v. Gonzalez,* 457 S.W.2d 440 (Tex.Civ.App.—Corpus Christi 1970, writ ref'd n.r.e.). *Heironimus v. Tate,* 355 S.W.2d 76 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.) also supports the trial court's conclusion that the powers given to the executor and the obligations imposed on the executor resulted in the creation of a trust, with the named executor as trustee.

This case is easily distinguished from *Time Securities v. West,* 324 S.W.2d 583 (Tex.Civ.App.—San Antonio 1959, writ ref'd n.r.e.) where the contention that the will created a trust as to the surface estate was rejected because the language of the will unambiguously provided that the son, and not the executor, had the unrestricted power to manage and control the surface estate. In the case before us, full power of management and control was given to the executor and not to Mrs. Lumpkin.

■ The argument that the trial court erred in ordering Moursund to sell the property must be rejected, since such argument is premised on the fact that Mour-

---

1. Lodge asserts that the probate court erroneously based its conclusion that the will of A.H. Lumpkin created a trust upon the fact that Moursund and a prior trustee treated the will as creating a testamentary trust. We do not believe that the probate court based its conclusion

that the will created a trust upon the fact that Moursund designated himself as a trustee. This fact finding is significant however, because it indicates that Moursund accepted trustee responsibilities.

sund has only the powers of an independent executor. Since we have held that the will creates a testamentary trust, Moursund, as trustee, has the power to sell the underproductive property under the clear provisions of § 113.110 of the Texas Trust Code. We do not interpret the provisions of 113.110 as giving the trustee discretion in determining whether to dispose of underproductive property. The very nature of a trustee's duty precludes the conclusion that he may permit the continuation of a situation which defeats the intention of the settlor by denying to the beneficiary all benefits which should result from the creation of the trust. In this case the refusal of the trustee to sell deprived Mrs. Lumpkin of all benefits of the trust and would result in a situation where the decision of the trustee could benefit only the remainderman, Perfect Union Lodge. Stated differently, the refusal to sell clearly reflects a refusal by the trustee to deal impartially with Mrs. Lumpkin and Perfect Union Lodge.

The judgment of the trial court is affirmed.